## COMMONWEALTH *vs.* JOHN BUTLAND.

Suffolk.   November 22, 1875. — January 3, 1876.   COLT, J., absent.

An indictment against B. for perjury, alleged that on March 25, 1875, at Boston, in the county of Suffolk and Commonwealth of Massachusetts, C. "was brought before the Municipal Court .of the city of Boston, holden at said Boston for the transaction of criminal business, upon a complaint in due form of law," charging him with perjury; that the further consideration of said complaint was continued until the sixth day of April next ensuing; and thrt on said sixth day of April, said C. "being lawfully before said Municipal Court, it was lawfully ordered by said Municipal Court" that C. recognize with sureties, and that he be committed until he should so recognize, and that on the ninth day of said April, at Boston aforesaid, before one A., a commissioner within and for said county of Suffolk, legally authorized, and duly appointed and qualified to take bail in criminal cases in said county, B. offered himself as bail and surety in such recognizance for said C.; that B. was then and there lawfully required by said commissioner — pursuant to the course and practice of taking and approving bail — to make a written statement under oath of his, said B.'s, circumstances and property, the same being material to aid said commissioner in determining whether he would and should take and approve said B. as his bail and surety; that said B., being then and there duly sworn to the requirement aforesaid, did then and there, in pursuance of said requirement, make said statement, and did then and there, being so sworn as aforesaid, falsely, wilfully, knowingly and corruptly say, depose and swear (in and by said written statement) as follows. The indictment then set forth the statement signed by B., and entitled "Commonwealth of Massachusetts. Suffolk, ss. Before A., a commissioner duly authorized to take bail in criminal cases in said county." *Held,* that, if it was necessary under the St. of 1860, c. 186, § 1, to allege that the court had jurisdiction of the case of B., the fact was sufficiently alleged. *Held, also,* that the indictment duly alleged before whom the oath was administered to B. with sufficient allegations of the time and place thereof.

A commissioner to take bail in criminal cases may require a written statement under oath from the bail, although the case does not come within the provisions of the St. of 1862, c. 159.

On an indictment for perjury for swearing falsely when being examined under oath as bail for a person, who had been arrested on a complaint to a Municipal Court for an assault and battery upon a police officer, it appeared that the person arrested was ordered to recognize to appear before the Superior Court, and that he entered into a recognizance "to answer to said complaint for the crime aforesaid." *Held,* that the recognizance was valid, and bound the principal to appear before the Superior Court to answer to any indictment which might be substituted for the complaint.

The statements under oath, of a person offering himself as bail, as to the value of his property, are material, and if they are wilfully and corruptly false, he is liable to conviction for perjury.

An indictment for perjury averred that the defendant stated under oath that certain land was of the cash value of not less than five thousand dollars, whereas it was of trifling value, to wit, ten dollars in all. At the trial there was some evidence

that the land was of the value of eighteen hundred dollars. The defendant asked the judge to rule that the variance between the allegation and proof was fatal. The judge declined so to rule, and instructed the jury that it was not necessary for the government to prove that the true value of the property did not exceed ten dollars, but it must prove that its value was not what was stated by the defendant, and that he, knowing its value was less than stated by him, intentionally misstated its value. *Held*, that the defendant had no ground of exception.

On the trial of an indictment for perjury, the issue being whether the defendant had knowingly falsely sworn that he had land in a certain town worth $5000, the evidence on the part of the government was the testimony of one witness who put the value at $1800, and the deed of the land to the defendant, made six months before, which stated the consideration to be $2800 ; and there were other issues to be submitted to the jury involving the question whether the defendant had sworn falsely. *Held*, that the testimony of the witness was supported by corroborating circumstances sufficient to justify the submission of the issue to the jury.

On the trial of an indictment for perjury, the issue being whether the defendant had knowingly falsely sworn that he had personal property to the amount of $1285, consisting of stock in a grocery store in a certain town, two witnesses testified that he had no such store in the town. Two other witnesses testified that the defendant made admissions to them to the same effect. *Held*, that the issue was rightly submitted to the jury.

On the trial of an indictment for perjury, the issue being whether the defendant had knowingly falsely sworn on December 11, 1874, that his liabilities did not exceed $500, and that he was worth not less than $20,000 over and above all liabilities, there was evidence that the defendant went into bankruptcy in 1872, and that his schedules under oath showed debts to the amount of $85,000 ; that he had not received a discharge, and no dividend had been paid. *Held*, that this evidence, unexplained and uncontrolled by evidence that the defendant had since paid the debts or acquired property, was properly submitted to the jury.

An indictment alleging that the defendant committed perjury in an examination touching the amount of his property, upon his offer to be bail for one who had been committed to jail on a criminal charge, by falsely swearing that he had personal property at Gloucester, in the county of Essex and Commonwealth of Massachusetts, is supported by proof that he swore to a written statement that he had personal property at Gloucester, in the county of Essex, there being proof of facts to show that the statement could apply, and was intended to apply to Gloucester, in the county of Essex and Commonwealth of Massachusetts, and that he had no property there.

On an indictment for perjury, the issue being whether the defendant had falsely sworn that he owned land in a certain town of the value of $5000, it appearing that the deed to him of the land was signed by A. and his wife in her right, A. was permitted to testify, against the defendant's objection, that the defendant paid nothing to him for the land. *Held*, that the evidence was admissible.

INDICTMENT for perjury in two counts. The first count alleged that on March 25, 1875, at Boston, in the county of Suffolk and Commonwealth of Massachusetts, " one Lovell K. Currier was brought before the Municipal Court of the city of Boston, holden at said Boston for the transaction of criminal business

upon a complaint in due form of law, charging him, said Currier, with the crime of perjury, committed at said Boston; that the further consideration of said complaint was continued until the sixth day of April then next ensuing; and that on said sixth day of April, said Currier being lawfully before said Municipal Court upon said complaint, it was lawfully ordered by said Municipal Court that the further consideration of said complaint be continued until the fourteenth day of said April, and that said Currier recognize with sufficient sureties in the sum of twelve hundred dollars for the personal appearance of him, said Currier, before the said Municipal Court, on the said fourteenth day of April, then and there to answer further to said complaint, and to do and receive that which should then be enjoined upon him, said Currier, by said Municipal Court, and not depart without license; and that said Currier should stand committed to the jail, at Boston, in said county, until he should recognize as aforesaid; and that upon said sixth day of April said Currier failed to recognize as aforesaid, and was committed to said jail in pursuance of said order; and that thereafter, to wit, on the ninth day of said April, and while said Currier was committed and held in jail as aforesaid, at Boston aforesaid, before one Edward J. Jones, Esquire, a commissioner within and for said county of Suffolk, legally authorized, and duly appointed and qualified to take bail in criminal cases in said county, John Butland, of said Boston, offered himself as bail and surety in such recognizance for said Currier; that said Butland was then and there lawfully required by said commissioner — pursuant to the course and practice of taking and approving bail — to make a written statement under oath of his, said Butland's, circumstances and property, the same being material to aid said commissioner in determining whether ae would and should take and approve said Butland as such bail and surety; that said Butland, being then and there duly sworn to the requirement aforesaid, did then and there, in pursuance of said requirement, make said statement, and did then and there, being so sworn as aforesaid, falsely, wilfully, knowingly and corruptly say, depose and swear (in and by said written statement) as follows, that is to say: Commonwealth of Massachusetts. **Suffolk**, ss. Before Edward J. Jones, Esquire, a commissioner duly authorized to take bail in criminal cases in said county, I (mean-

ing said Butland) offering myself as surety in the matter of said Commonwealth *vs.* Lovell K. Currier, on oath certify and declare."

The first count then set forth the written statement at length, negatived the declarations thereof, and concluded as follows :

" And so the jurors aforesaid, on their oath aforesaid, do present and say, that said John Butland, on said ninth day of April, before said Edward J. Jones, Esquire, then and there having such power and authority as aforesaid, in manner and form aforesaid, did knowingly and wilfully commit wicked and wilful perjury, against the peace of said Commonwealth, and the form of the statute in such case made and provided."

The second count was for perjury on the examination of the defendant as bail for one John White, who, as the indictment alleged, was lawfully brought before the Municipal Court of the South Boston District, for the transaction of criminal business, upon a complaint charging him with the crime of assault and battery upon a police officer, and was ordered to recognize with sureties for his appearance before the Superior Court, " to answer to said complaint for the crime aforesaid ; " and for the failure so to do was committed to jail ; and while so committed made application to a commissioner to be admitted to bail. The indictment then alleged that the defendant offered himself as bail, and on his examination before the commissioner, swore to a written statement, which was set forth at length in the indictment, and the allegations thereof negatived, and concluded in the usual manner.

At the trial in the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, assigning reasons therefor. This motion was overruled. The defendant was then tried and found guilty, and alleged exceptions, the substance of which, together with so much of the material parts of the indictment as are not already stated, and of the motion to quash, appears in the opinion.

*H. R. Cheney*, for the defendant.

*W. C. Loring*, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

MORTON, J. The motion to quash the indictment was rightly overruled. The statute provides that in every indictment f ıı

perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant in the criminal case in which the perjury is alleged to have been committed, and by what court or before whom the oath was taken or made, without setting forth the indictment or any part of any proceedings, and without setting forth the commission or authority of the court or person before whom the offence of perjury was committed. St. 1860, *c.* 186, § 1.

The principal reason for quashing this indictment, urged by the defendant, though stated in different forms, is in substance, that it does not sufficiently allege that the Municipal Court had jurisdiction of the case of Currier, in which the perjury was alleged to have been committed. It may be doubted whether such an allegation is necessary. Currier, having been committed for not finding sureties to recognize for him, had a right to be released on bail, whether the court had jurisdiction or not, and it might be perjury if the defendant swore falsely on the proceedings to procure his discharge.

But if such an allegation is necessary, we are of opinion that it is sufficiently made in this indictment. The first count alleges that Currier was lawfully before the court upon a complaint charging him with perjury, and that it was lawfully ordered that he recognize with sureties and be committed until he so recognize, which could not be true if the court had no jurisdiction of the case. This is sufficient within the spirit of the statute, the design of which was to avoid the necessity of setting forth in full the complaint or other proceedings of the court or magistrate before whom the case was pending. *Commonwealth* v. *Hatfield*, 107 Mass. 227. *Commonwealth* v. *Carel*, 105 Mass. 582. *Commonwealth* v. *Hughes*, 5 Allen, 499.

The objection that the count contains "no allegation by or before whom the oath was administered to the defendant," and no sufficient allegation of time and place, is unfounded. It alleges with certainty, so as not to be open to any other construction, that the defendant, at Boston, on the ninth day of April, 1875, made the written statement and took the oath alleged, before Edward J. Jones, a duly authorized and qualified commissioner.

The objection that the commissioner had no authority to re-quire or take the written statement under oath, is founded upon a misconstruction of the St. of 1862, c. 159. The design of that statute was to provide especial safeguards in the matter of admitting to bail persons who had been convicted in the Superior Court in the county of Suffolk, and, for that purpose, to require that the court or commissioner should, in such cases, take a written certificate under oath of the sureties ; but it does not deprive the commissioner of the power which he had, independently of the statute, to take a written statement in other cases where persons offer themselves as bail. It does not affect the case at bar.

The same considerations dispose of most of the objections to the second count. The only ground of objection specially applicable to that count, upon which the defendant relies, is that the recognizance of White was not in due form. The indictment, after reciting that said White was lawfully before the Municipal Court upon a complaint charging him with assault and battery upon a police officer, alleges that he was ordered to recognize to appear before the Superior Court " to answer to said complaint, for the crime aforesaid." The defendant contends that, as he would not be tried on this complaint in the Superior Court, he should have been ordered to recognize to answer to any indictment which might be found against him for the offence charged. The case of *Commonwealth* v. *Slocum*, 14 Gray, 395, is decisive of this point. It was there held that a recognizance in this form was valid and sufficient, and bound the defendant to appear at the Superior Court and answer to any indictment which was substituted for the complaint.

We now proceed to consider the several exceptions alleged by the defendant in the course of the trial.

1. The defendant in his written statement swore that he owned real estate in Lynn of the cash value of not less than five thousand dollars, and also that he was worth in good property not less than four thousand dollars over and above all debts and liabilities.

The indictment alleges, in the second and twelfth assignments of perjury, that the real estate in Lynn was of trifling value, to wit, ten dollars, and that the defendant was not worth in good property four thousand dollars, nor any sum whatever over and above his liabilities.

In regard to these two assignments, the defendant contended and asked the court to rule, that his statements as to the value of his land or his property were not material, and that he could not be convicted if such statements were false. The court instructed the jury that "if the defendant stated under oath the value of his property to be much more than it really was, but made the statement in good faith, or ignorantly, it being his opinion as to its value, he would not be liable on account of his wrong statement; but if he, knowing its value was ·less than stated by him, intentionally misstated its value, in order that he might be accepted as bail, he would be liable to conviction for perjury if the other allegations are proved." This instruction was accurate and carefully guarded.

The issue before the commissioner was the sufficiency of the defendant as bail. The matter to be determined was whether he was worth enough to justify his approval as a surety. His statements as to the value of his property were material to this issue, and if they were wilfully and corruptly false, he would be liable to conviction for perjury.

2. The defendant asked the court to rule that there was a variance between the allegation and the proof in the second assignment. The allegation in the assignment is, that the real estate in Lynn was "of trifling value, to wit, ten dollars and no more," and there was some evidence tending to show that it was worth eighteen hundred dollars.

The court, upon this request, properly ruled that it was not necessary for the government to prove that the true value of the property did not exceed ten dollars, but it must prove "that its value was not what was stated by the defendant, and that he, knowing its value was less than stated by him, intentionally misstated its value."

The issue was whether the defendant wilfully swore falsely in his statement that the land was of the cash value of not less than five thousand dollars. The allegation is only material as an averment, that the land was not worth the amount stated, and it is substantially satisfied by proof that the land was of materially less value than that amount.

3. The defendant requested the court to rule that the evidence of the falsity of the defendant's oath as to the value and amount

of his property and the amount of his debts, was not sufficient to justify a verdict of guilty upon these assignments, but the court declined so to rule.

It is not necessary that there should be two living witnesses in contradiction of the statement of the defendant to justify a conviction of perjury. It is sufficient if, in addition to one directly opposing witness, corroborating circumstances sufficient to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence are proved. *Commonwealth* v. *Parker*, 2 Cush. 212. And where the defendant's statement is contradicted by a witness, who is supported by corroborating circumstances, the evidence must ordinarily be submitted, under proper instructions, to the jury, whose province it is to judge of the weight of such corroborating circumstances.

In the case at bar the defendant's statement that the land in Lynn was worth five thousand dollars, was directly contradicted by the witness Bunelly, and there were circumstances proved which tended to support Bunelly, and to contradict the defendant. The deed to the defendant states the consideration to be twenty-eight hundred dollars, which, if unexplained, affords some presumption that that was the price paid for it. The deed also shows that the quantity of the land was about twelve thousand square feet; the defendant, in his statement, says that he does not know on what street it was situated; the suspicious character of the statement, and the improbability that the owner would not know the street on which land of so great a value per square foot was situated, were circumstances tending to prove the defendant's falsity. Further, if the defendant wilfully swore falsely as to other matters in the written statement, upon which the jury were to judge upon the evidence, this would tend to overcome his oath as to the particulars we are considering. We are of opinion that the court rightly submitted this question to the jury.

The same considerations dispose of the request to rule, that there was not sufficient evidence that the defendant did not own a grocery store and stock of goods in Gloucester. Upon this question there was the testimony of two witnesses that he had no such store, and in addition the admissions of the defendant to the same effect made to two other witnesses. The evidence was rightly submitted to the jury.

The court also rightly submitted to the jury the question, whether the defendant swore falsely as to the amount of his debts and property. The defendant swore on December 11, 1874, that his debts did not exceed five hundred dollars, and that he was worth twenty thousand dollars over and above all debts and liabilities. The proceedings in bankruptcy showed that in 1872 the defendant, in his schedules, admitted under oath that he was indebted in a very large amount, namely, eighty-five thousand dollars, and that there had been no dividend or discharge. These facts, unexplained and uncontrolled by any evidence that the defendant had since then paid the debts or acquired any property, were proper for the consideration of the jury.

This disposes also of the request to rule, that the evidence was not sufficient to support the assignments in the second count, which charge that the defendant swore falsely as to the amount of his debts and property.

4. The defendant also contended that there was a variance between the allegation and the proof as to the store and property in Gloucester. The government's evidence tended to show that the defendant had no store or property in Gloucester, in the State of Massachusetts. The statement of the defendant upon this point was proved to be, " that I have personal estate in Gloucester, in the county of Essex; grocery store, cash value is not less than $1285, consisting of stock in grocery store."

The ground which the defendant takes is, that there is no affirmation or assertion in his statement that he owned personal property or a grocery store in the State of Massachusetts, and he relies upon the case of *Commonwealth* v. *Hughes*, 5 Allen, 499.

In that case the court say, " Whether any facts might have been proved, in the light of which the written statement of the defendant would have been interpreted so as to apply only to lands and houses in Massachusetts, need not now be considered, for no such facts were proved." In the case at bar such facts were proved. There was sufficient evidence to justify the jury in finding that the defendant's statement could apply, and was intended to apply only to Gloucester, in the State of Massachusetts. We are of opinion that this question was properly left to the jury, with the instruction stated in the bill of exceptions,

namely, " If the other evidence in the case satisfies you that the defendant meant in his statement Gloucester, in the county of Essex and State of Massachusetts, you may then consider his written statement as applying to that town of Gloucester."

5. The only other exception insisted on by the defendant is that to the admission of the testimony of Bunelly, that the defendant paid him nothing for the land in Lynn. The deed was made by Bunelly and his wife, in her right, to the defendant. The fact that the defendant paid Bunelly nothing may be of little weight, but it was admissible as a part of the transaction.

We have considered all the exceptions of the defendant which he has relied upon in the hearing before us, and the result is that he has shown no reason for disturbing the verdict of the jury.

*Exceptions overruled.*