COMMONWEALTH *vs.* JOSEPH B. ANDREWS & others.

Middlesex. Jan. 26, 1881; Jan. 24. — March 2, 1882. FIELD, J., absent.

Where an indictment contains several counts charging the same offence by different descriptions, it is not necessary to allege that they are different descriptions of the same act; and the St. of 1861, c. 181, does not apply.

An indictment against a man and a woman alleged that they falsely and maliciously conspired "to charge and accuse" one F. that he had committed the crime of adultery with the woman, "with intent thereby then and there unjustly and unlawfully to obtain and acquire to them" divers sums of money of said F., "for compounding the said pretended adultery so falsely and maliciously charged on him as aforesaid." *Held*, that the indictment charged an offence with sufficient certainty.

An indictment charging a conspiracy to extort money, without alleging from whom the money was sought to be extorted, cannot be sustained.

It is no defence to an indictment that the evidence shows that the defendant committed a higher offence than that charged.

If, at the trial of an indictment containing two counts, the second of which is insufficient, no evidence was admitted which was particularly applicable to the second count and not competent under the first count, and the defendant was convicted upon the first count on competent evidence, and no error is shown affecting his trial upon that count, he is not prejudiced as to his trial upon that count by a refusal of the judge to quash the second count, and the conviction should stand.

MORTON, C. J. This is an indictment in four counts against Joseph B. Andrews, Caroline E. Andrews and Walter H. Weeks. The defendant Weeks seasonably filed a motion to quash the indictment, whereupon the attorney of the government entered a *nolle prosequi* as to the second count. The effect of this was to obviate the objections, in the motion to quash, to the second count, and to its joinder with the other counts. Being thus made immaterial, we need not consider them.

It is objected, "that the indictment contains no averments that the different counts are different descriptions of the same

act, as required by the St. of 1861, c. 181." Assuming that the several counts were intended to set forth the same offence by different descriptions, it was not necessary to allege that they are different descriptions of the same act. The St. of 1861 was designed to enable the pleader to join several counts describing different offences which could not be joined at common law, and not to restrict his right to set out the same offence by different descriptions in several counts, as has always been the practice in this Commonwealth. *Commonwealth* v. *Adams*, 127 Mass. 15, and cases cited.

It is also objected that the first and fourth counts do not set out any offence with sufficient certainty. The first count alleges that the defendants falsely and maliciously conspired "to charge and accuse" one Forbes that he had committed the crime of adultery with the defendant Caroline E. Andrews, "with intent thereby then and there unjustly and unlawfully to obtain and acquire to them" divers sums of money of the said Forbes, "for compounding the said pretended adultery so falsely and maliciously charged on him as aforesaid."

What the grand jury intended to charge was that the defendants conspired to accuse Forbes of the crime of adultery, and thereby to extort money from him. The words "to charge and accuse," in the indictment, do not mean to make a complaint before a magistrate, but to impute to Forbes and accuse him of the crime, between themselves, as a means of inducing him to pay money to avoid a prosecution or exposure. There is no doubt that it is an indictable offence to conspire to accuse a man of a crime, and by this means to extort money from him. *Commonwealth* v. *O'Brien*, 12 Cush. 84.

The proper mode of charging this offence is to allege, as was done in *Commonwealth* v. *O'Brien*, *ubi supra*, that the defendants conspired to accuse Forbes of the crime of adultery, and thereby, and by the means aforesaid, to extort money from him, this being a direct allegation that the defendants conspired to effect the object of the conspiracy. But we are of opinion that the form of allegation adopted in the first count is substantially equivalent to this, and that it is not so uncertain as to be fatal to the validity of the count. To conspire to accuse Forbes of the crime of adultery, "with the intent thereby then and there"

to extort money from him, means with the purpose and object of extorting money from him. The court or the defendant cannot fail to see that the object of the conspiracy charged is to extort money, as clearly as if the more direct form of allegation had been used. A majority of the court is therefore of opinion that the Superior Court rightly refused to quash this count.

As to the fourth count, it is clear that it was intended to charge a conspiracy, having for its object the extortion of money from Forbes by the means set out therein. But, probably by an inadvertence, it contains no allegation in any form that the intent or purpose or object of the conspirators was to extort money from Forbes. A charge of a conspiracy to extort money, without saying from whom, is too general and uncertain to be sustained. It is argued that the first part of the count charges an indictable offence, and that the whole allegation of the intent may be rejected as surplusage. But this cannot be done; if it were, the defendants would be tried for a conspiracy for a different object from the one presented by the grand jury, that is, they would be tried for a different offence from the one charged. The fourth count therefore must be quashed.

In the course of the trial, there being evidence tending to show that the conspiracy charged in the first count was carried out, and money obtained from the said Forbes, the defendant Weeks asked the court to .rule that, if the jury found this to be the fact, the defendant could not be convicted of the conspiracy, because it is merged in the felony.

If in fact it appeared at the trial that by the execution of the conspiracy the defendants were guilty of a felony, it is not open to them to object that they are not indicted for the greater offence. The fact that they have been guilty of a higher offence than that charged in the indictment, is no defence. The case of *Commonwealth* v. *Kingsbury,* 5 Mass. 106, if it be good law, does not extend to a case like this, where the execution of the conspiracy is not alleged in the indictment. The precise point raised by the defendant Weeks was adjudicated in *Commonwealth* v. *Walker,* 108 Mass. 309. The court rightly refused to rule as requested. There was no error, therefore, in any of the rulings of the court at the trial, except in the refusal to quash the fourth.count.

We have looked with care at the record to see whether the refusal of the court to quash the fourth count could have had any prejudicial effect upon the defendant Weeks as to his trial upon the first count.

All the evidence showing the transaction upon which each of the two counts is founded is reported in the bill of exceptions. It clearly shows that the three defendants entered into a conspiracy having for its object to extort money from Forbes; the means to be used were that the female defendant was to entice Forbes to attempt to have intercourse with her, and, when she had entrapped him into an equivocal position, the two male defendants were to enter the room, and by working upon his fear of exposure, and by accusing him of the crime of adultery, to accomplish the object of extorting money from him.

The fourth count was treated at the trial as if it had been a sufficient charge of a conspiracy to extort money from Forbes. Thus treated, the two counts are not inconsistent, and the evidence proved either or both of them. No evidence was admitted which was particularly applicable to the fourth count and not competent under the first count. It thus appears that the defendant Weeks was not prejudiced as to his trial upon the first count by the refusal of the court to quash the fourth. As he was tried and convicted upon the first count upon competent evidence, and as no error is shown affecting his trial upon that count, we are of opinion that the conviction should stand.

The view we have taken makes immaterial the other questions argued, and we need not consider whether, if the fourth count had been good, the evidence would support a verdict upon the first and fourth counts, and justify a sentence for two distinct offences, or whether the two counts are different descriptions of one and the same offence, or whether these questions can be raised by exceptions taken upon a motion for a new trial.

The result is, that the fourth count is to be quashed; and that, as to the first count, the entry must be

*Exceptions overruled.*

*W. H. Bent & E. B. Quinn*, for Weeks.

*G. Marston*, Attorney General, & *F. H. Gillett*, Assistant Attorney General, for the Commonwealth.