(October 8, 1919.)

## STATE, Respondent, v. DAVID McLOY and RALPH ZUFELT, Appellants.

[184 Pac. 470.]

CRIMINAL LAW — CONSPIRACY — EXTORTION — INDICTMENT OR INFORMATION—SUFFICIENCY OF.

1. An indictment or information charging a conspiracy to commit the crime of extortion, in order to be sufficient, must charge that the conspiracy was against some person or persons designated by name, or class of persons or the general public, or must state the reason why such designation is not made.

[As to definition of indictable conspiracy, see note in **3 Am. St.** 475.]

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Appellants convicted for conspiracy to commit extortion. *Reversed.*

L. Ivan Jensen and Ralph W. Adair, for Appellants.

As to the essential allegations in an indictment for conspiracy, see Bishop's Directions and Forms, 2d ed., c. 23, p. 148; *State* v. *Grant,* 86 Iowa, 216, 53 N. W. 120; *Crump's Case,* 84 Va. 927, 10 Am. St. Rep. 895, 6 S. E. 620; McClain on Crim. Law, sec. 972.

Where the conspiracy is directed against a particular person, he should be designated in the indictment or information. (*State v. Mardesich,* 79 Wash. 204, 140 Pac. 573, 574; 1 Wharton, Crim. Evidence, 10th ed., sec. 93; 12 Corpus Juris, 617.)

An indictment for conspiracy must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to know what is intended, and

with such precision that defendant may plead his acquittal or conviction to a subsequent indictment based on the same facts. (12 Corpus Juris, 614, note 68; *In re Benson,* 58 Fed. 962; *United States v. Crafton,* 4 Dill. 145, 25 Fed. Cas. No. 14,881; *United States v. Cruikshank,* 92 U. S. 542, 23 L. ed. 588, see, also, Rose's U. S. Notes; *Tillinghast v. Richards,* 225 Fed. 226.)

R. L. Black, Attorney General, and A. F. Stone, Asst., for Respondent.

In Idaho and at common law, it is not necessary to allege the commission of an overt act in the information in a charge of conspiracy. This is true, even though an overt act has been committed. (8 Cyc. 669 and 625; 12 C. J. 623.)

If the object of the conspiracy was to do an unlawful act, as in this case, the means by which it was to be accomplished need not be stated in the information. (12 C. J. 621.) Failure to allege in information names of persons conspired against is, at most, not fatal defect, and defendant was deprived of no substantial right. (Secs. 7677–7686, 7687, 8070, Ida. Rev. Codes, and cases cited in notes of code under such sections; *Territory v. Guthrie,* 2 Ida. 432, 436, 17 Pac. 39.)

BUDGE, J.—Appellants were convicted of conspiracy to commit the crime of extortion. This appeal is from a judgment of conviction and from an order denying a motion for a new trial.

The charging part of the information upon which they were tried reads as follows:

"Did commit the crime of conspiracy, committed as follows, to wit: Did then and there unlawfully, wickedly and fraudulently conspire, combine, confederate and agree together and with one Marion A. Lufkin, by divers unlawful and fraudulent devices and contrivances to commit a crime, to wit: extortion, contrary to the form, force and effect of the statutes," etc.

During the trial, appellants objected to the introduction of any evidence on the part of the state, one ground of the

objection being that the information did not state facts sufficient to charge a public offense. The action of the court overruling the objection having been assigned as error, the sufficiency of the information is properly before us. (C. L., sec. 7750.)

It is contended by appellants that the information sets forth no public offense, for the reason that it fails to specify the person who was the object of the conspiracy and extortion.

As will be observed, it is not alleged in the information that the conspiracy to commit the crime of extortion was directed against any designated person, or class of persons or the public generally, nor is any reason therein stated why such designation is not made. Although the appellants may have had in mind a purpose to extort money, this purpose would be incomplete unless it contemplated being carried out by the selection of persons for victims.

The rule is well settled that an indictment or information charging a conspiracy to commit the crime of extortion, in order to be sufficient, must charge that the conspiracy was against some person or persons designated by name, or class of persons or the general public, or must state the reason why such designation is not made. (1 Wharton, Crim. Ev., 283; 8 Cyc. 664; 12 C. J. 617; *Commonwealth v. Andrews,* 132 Mass. 263; *State v. Mardesich,* 79 Wash. 204, 140 Pac. 573.)

It is apparent, therefore, that the information upon which appellants were tried is in this respect fatally defective. We do not wish to be understood as holding that the information is in other respects sufficient. Having found the information insufficient in this respect, it is unnecessary for us to discuss the remaining assignments of error.

The judgment is reversed.

Morgan, C. J., and Rice, J., concur.