COMMONWEALTH *vs.* JACOB FINE
(and two companion cases [1]).

Suffolk.  January 6, 1947. — May 28, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Perjury.  Evidence*, Presumptions and burden of proof, Competency. *Practice, Criminal*, Discretionary control of evidence, Appeal with assignment of errors. *Conspiracy.*

Discussion by RONAN, J., of authorities in this Commonwealth and elsewhere on the question, whether, to warrant a conviction at the trial of an indictment charging subornation of perjury, testimony of the alleged perjurer as to the falsity of testimony by him alleged to have constituted the perjury must be corroborated by testimony by some other witness or by other evidence.

The fact, that testimony of an alleged perjurer at the trial of an indictment charging subornation of his perjury, tending to show that the defendants in conversations with him and a companion had induced him to make a false affidavit setting forth that material testimony that he previously had given at a fire inquest and before a grand jury was false, was supported by testimony by the companion, warranted a conviction; the corroboration of the testimony of the alleged perjurer by his companion complied with the rule requiring for conviction of subornation corroboration of testimony of the perjurer, if such rule still exists in this Commonwealth.

No error appeared in an exercise of discretion by a judge, presiding at the trial of an indictment charging subornation of perjury committed by a false affidavit accompanying a motion for a new trial, in permitting the Commonwealth, after it had introduced the affidavit in evidence and had rested, to introduce the motion for a new trial which the affidavit purported to support.

---

[1] The companion cases are Commonwealth *vs.* Henry H. Fine and Commonwealth *vs.* Jacob Fine & others.

A defendant, upon an appeal with assignment of errors following a conviction under an indictment charging subornation of perjury, where there was no assignment· alleging that sentence imposed within the limits stated in G. L. (Ter. Ed.) c. 268, §§ 1, 2, was excessive, had no right to make such a contention in this court.

Commission of the crime of subornation of perjury, a felony, did not wipe out the misdemeanor of conspiracy among those joining in the act of subornation.

THREE INDICTMENTS, found and returned on October 20, 1941, the first two charging subornation of perjury on the part of David Johnson, and the third charging conspiracy to procure David Johnson to commit perjury.

The case was tried before *Fosdick*, J.

*E. M. Dangel*, (*L. E. Sherry* with him,) for the defendant Jacob Fine.

*H. C. Thompson*, for the defendant Henry H. Fine.

*F. J. Hickey*, Assistant District Attorney, for the Commonwealth.

RONAN, J. The defendants Jacob Fine and Henry H. Fine were convicted of subornation of perjury and also of conspiracy to incite, instigate and persuade one Johnson to commit perjury. They appealed from the convictions for subornation of perjury, assigning as errors the denial of their motions for directed verdicts of not guilty and the admission of a motion for a new trial which had been filed in a previous prosecution of Jacob Fine in which he had been convicted of being an accessory before the fact to the burning of a building with intent to defraud the insurer, G. L. (Ter. Ed.) c. 266, § 10, as appearing in St. 1932, c. 192, § 7; *Fine* v. *Commonwealth*, 312 Mass. 252; it being alleged that it was upon the hearing on this motion that Johnson committed perjury. The indictment for conspiracy was tried with the indictments for subornation of perjury, and the judge reported the exceptions of Henry H. Fine to the denial of his motion for a directed verdict of not guilty and to the admission in evidence of the aforesaid motion for a new trial.

There was testimony that Jacob Fine, after his conviction of being an accessory before the fact to burning a building with intent to defraud the insurer, sought wit-

nesses to support his motion for a new trial. He approached one Johnson who lived in the building at the time of the fire. Johnson told Jacob Fine and later Henry H. Fine that he had testified at the fire inquest and before the grand jury that just before the fire he had observed a pile of rubbish and a quantity of gasoline in the cellar and that to change his story would amount to perjury for which he might receive a sentence of two or three years in jail. Both defendants assured him at different times that his previous testimony would not come up and that it would be all right for him to say that he had not seen any gasoline. Johnson on July 8, 1941, made an affidavit to this effect before an attorney who had defended Jacob Fine in the accessory case. Johnson and his brother-in-law Armstrong, with whom he lived at the time of the fire, went with Jacob Fine on the evening of September 8, 1941, to the home of one Gordon, who, acting in the rôle of a district attorney, questioned Johnson and Armstrong as to the evidence they proposed to give at the hearing on the motion for a new trial which was to be held on the next day. Gordon was not satisfied with their proposed testimony, and Henry H. Fine was sent for and joined in the conference. The latter talked with Johnson and went over his story with him. He said to Johnson, "If you do that tomorrow at the trial you are all right." Johnson was advised to "stick to . . . [his] story," and not to tell anyone he had been at Gordon's. At the hearing on the motion on September 9, 1941, Johnson testified in accordance with the affidavit that he saw no gasoline in the cellar. In the instant prosecutions he testified that this testimony was false. Henry H. Fine admitted being at Gordon's home, but his testimony of what he did there differed from the testimony of Johnson and Armstrong. Armstrong was present at all conversations which Johnson had with Jacob Fine, Henry H. Fine or Gordon, and was present when Johnson signed the affidavit of July 8, 1941. His testimony in the main supported that of Johnson. Johnson was paid small sums, amounting in all to $17.50, by Jacob Fine when the affidavit was given, when he went to Gor-

don's, and when he appeared at the hearing on the motion. Jacob Fine also paid a small amount of money to Armstrong.

We first consider the assignments of error in the trial of the indictments charging subornation of perjury.

The principal contention of the defendants is that the motions for directed verdicts of not guilty should have been granted because the evidence was insufficient to prove the falsity of the testimony given by Johnson at the hearing on the motion for a new trial. The deficiency, it is urged, arises out of the contention that Johnson's testimony was not shown to be untrue by the testimony of two witnesses or by that of one witness with corroborative evidence. The contention rests upon the familiar rule defining the quantitative evidence required for the proof of perjury. The history, reasons, and application of this rule have been frequently set forth in various decisions. *Commonwealth* v. *Parker,* 2 Cush. 212, 222–224. *Hammer* v. *United States,* 271 U. S. 620. *Weiler* v. *United States,* 323 U. S. 606. See note 56 Am. L. R. 408; Wigmore on Evidence (3d ed.) §§ 2040–2044. This rule has been followed in our decisions in prosecutions for perjury, *Commonwealth* v. *Pollard,* 12 Met. 225, 228; *Commonwealth* v. *Parker,* 2 Cush. 212; *Commonwealth* v. *Butland,* 119 Mass. 317, 324; *Commonwealth* v. *Sargent,* 129 Mass. 115, 123, and in trials for subornation of perjury with reference to the proof of that part of the offence dealing with the falsity of the oath of the person alleged to have been suborned, *Commonwealth* v. *Douglass,* 5 Met. 241; *Commonwealth* v. *Bornstein,* 269 Mass. 181. It has recently been pointed out that this rule is at variance with the general rule that facts are to be proved by the character and quality of the testimony and not by the quantity of the evidence or by the number of witnesses, and is inconsistent with the present trend of our decisions toward the elimination of quantitative standards of the sufficiency of evidence. *Commonwealth* v. *Gale,* 317 Mass. 274, 277, 278. One of the main reasons for the adoption of the rule was that in prosecutions for false swearing the oath of the defendant is not overcome by the oath of another which contradicts the oath taken by the

defendant. That situation is not present in prosecutions for subornation of perjury, for in such an instance the defendant is not charged with corruptly and falsely taking an oath but is accused of procuring another to take such an oath. Furthermore, while perjury and subornation of perjury are distinct and separate statutory felonies, G. L. (Ter. Ed.) c. 268, §§ 1, 2, the latter offence is "clearly in its nature that of an accessory before the fact to the perjury," *Commonwealth* v. *Smith*, 11 Allen, 243, 256, and in this Commonwealth, in a comparable situation, there is no rule of law that one may not be convicted by the uncorroborated evidence of an accomplice, *Commonwealth* v. *Lammi*, 310 Mass. 159; *Commonwealth* v. *Giacomazza*, 311 Mass. 456. We need not decide whether we should continue to apply this rule in prosecutions for subornation of perjury because we are of the opinion that, in the instant cases, the testimony of Johnson that his testimony given at the hearing on the motion for a new trial was false was substantially corroborated by the evidence of Armstrong, if believed, concerning the conduct of the defendants. *Commonwealth* v. *Butland*, 119 Mass. 317. *Commonwealth* v. *Bornstein*, 269 Mass. 181. *People* v. *Cahill*, 193 N. Y. 232, 241, 242.

During the trial the Commonwealth without objection introduced in evidence the affidavit of Johnson which was attached to the motion for a new trial which had been filed in the previous prosecution of Jacob Fine. After the Commonwealth had rested, it was permitted by the judge, over the exceptions of these defendants, to put in evidence the motion itself. It appears from the motion that it was based entirely upon alleged newly discovered evidence. It showed the issues that were heard and determined and that Johnson's testimony was material. *Commonwealth* v. *Aronson*, 250 Mass. 521. The only specific objection now urged by the defendants is that the introduction of the motion at this stage of the trial tended to give undue emphasis to the affidavit of Johnson which was attached to the motion. This affidavit had already been put in evidence, and we see nothing in the record that supports the contention of

the defendants. The introduction of testimony, other than in the usual order, rested in the sound discretion of the judge. There was no error in the admission of the motion after the Commonwealth had rested. *Commonwealth* v. *Wood,* 302 Mass. 265, 267, 268. *Commonwealth* v. *Noxon,* 319 Mass. 495, 545.

There is nothing in the contention that Johnson's evidence was merely cumulative or that it did not influence the judge in granting the motion, especially where it appeared that upon the discovery of the perjury of Johnson the judge vacated his order granting the motion. *Fine* v. *Commonwealth,* 312 Mass. 252.

The defendant Jacob Fine was sentenced to a term of from nine to ten years in the State prison. The statute, G. L. (Ter. Ed.) c. 268, §§ 1, 2, authorizes the imposition of a sentence up to twenty years. He contends that the sentence is excessive. The point is not based upon any assignment of error and consequently is not open. *Commonwealth* v. *Cero,* 264 Mass. 264. *Commonwealth* v. *Polian,* 288 Mass. 494. *Commonwealth* v. *Bellino,* 320 Mass. 635. We do not intimate that the question of the validity of a sentence less than the maximum prescribed by the statute can be raised by an assignment of error, or that, if it were, it could be reviewed or revised. *Dolan* v. *Commonwealth,* 304 Mass. 325, 345, 346. *Matter of Loeb,* 315 Mass. 191, 198, 199.

We now consider the exceptions of Henry H. Fine taken at the trial of the conspiracy indictment. It is plain that, upon the evidence already recited, the jury could find that he had joined with some of the three other defendants named in this indictment to procure the commission of perjury by Johnson. *Commonwealth* v. *Galvin,* 310 Mass. 733. *Commonwealth* v. *Aronson,* 312 Mass. 347. *Commonwealth* v. *Beal,* 314 Mass. 210. *Commonwealth* v. *Mycock,* 315 Mass. 262. *Commonwealth* v. *McHugh,* 316 Mass. 15.

There was no error in the admission of the motion for a new trial in the prosecution in which Jacob Fine had been convicted of being an accessory before the fact to the burn-

ing of a building with intent to defraud the insurer, not only for reasons already stated but also because the motion could be found to be one of the means by which the object of the conspiracy was to be accomplished and in the preparation of which this defendant and Jacob Fine were shown to have been actively engaged. *Commonwealth* v. *Riches,* 219 Mass. 433, 439. *Commonwealth* v. *Knight,* 257 Mass. 421, 423.

This defendant contends that the conspiracy was merged in the offence of subornation of perjury. The conspiracy was only a misdemeanor, *Fox* v. *Commonwealth,* 264 Mass. 51, *Commonwealth* v. *McKnight,* 289 Mass. 530, 537; and although its object was to procure the commission of a felony by Johnson, the actual commission of this felony by Johnson did not obliterate or wipe out the lesser offence of conspiracy. *Commonwealth* v. *O'Brien,* 12 Cush. 84. *Commonwealth* v. *Walker,* 108 Mass. 309. *Commonwealth* v. *Andrews,* 132 Mass. 263, 265. *Commonwealth* v. *Stuart,* 207 Mass. 563, 571. *Commonwealth* v. *Marsino,* 252 Mass. 224. *Commonwealth* v. *Ponzi,* 256 Mass. 159.

The judgments on the indictments for subornation of perjury are affirmed, and the exceptions of Henry H. Fine taken at the trial of the indictment charging him and others with conspiracy are overruled.

*So ordered.*