The People of the State of Illinois, Defendant in Error,
v. George Schneider, Jr. et al., Plaintiffs in Error.

Gen. No. 8,085.

Heard in this court at the October term, 1929. Opinion filed July 7, 1930. Rehearing denied October 15, 1930.

MARTIN M. WARD and DAVID R. JOSLYN, JR., for plaintiffs in error; MARTIN M. WARD, of counsel.

CHARLES W. HADLEY, Special State's Attorney, for defendant in error; CHARLES P. BARNES, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

George Schneider, Jr., Henry Sohst and Michael Schneider, alias Mike Snyder, plaintiffs in error, and others were indicted by the grand jury of McHenry county charged with a conspiracy to violate the Illinois Prohibition Act, Cahill's St. ch. 43, ¶ 1 et seq. A motion to quash the indictment was made, argued and overruled. Plaintiffs in error then made a motion that they be furnished with a bill of particulars. The motion for a bill of particulars was by the court denied.

A jury trial was had and the jury returned separate verdicts as to each of the plaintiffs in error finding them guilty of a conspiracy in manner and form as charged in the indictment. Motions for a new trial and in arrest of judgment were overruled, and the court sentenced plaintiff in error, George Schneider, Jr., to imprisonment at the Illinois State Farm at Vandalia for a period of 12 months and to pay a fine of $2,000; plaintiff in error Henry Sohst was sentenced to imprisonment at the Illinois State Farm at Vandalia for a period of 6 months and to pay a fine of $1,000; and plaintiff in error, Michael Schneider, alias Mike Snyder, was sentenced to imprisonment at the Illinois State Farm at Vandalia for a period of 6 months and adjudged to pay a fine of $1,000. Plaintiffs in error sued out this writ of error in order to have the record reviewed.

Plaintiffs in error rely upon and argue three reasons for a reversal which are as follows: (1) That the indictment should have been quashed; (2) that the State should have been ruled to furnish a bill of particulars; and (3) that the jury should have been instructed that they could impose a jail sentence or a fine or both. We will consider the reasons argued for a reversal in the order as above named.

The indictment consists of two counts. In the first it is charged that the defendants therein named entered into a criminal conspiracy "to then and there do illegal acts injurious to the administration of public justice and injurious to the public police and public morals, good order and welfare." It is further charged in said count that the illegal act which they conspired to commit was, "the offense of unlawfully, wilfully and knowingly manufacturing, selling, bartering, transporting, delivering, possessing and furnishing in McHenry County aforesaid, in violation of the Illinois Prohibition Act, for beverage purposes, large quantities of intoxicating liquor, to-wit, whiskey, wine, beer and distilled spirits, all of which should then and there be fit for use for beverage purposes and all of which should contain one-half of one per centum and more of alcohol by volume; being then and there, not any of the articles or preparations enumerated in paragraphs (a), (b), (c), (d), (e) and (f) of Section Four (4) of said Illinois Prohibition Act, said manufacturing, selling, bartering, transporting, delivering, possessing and furnishing of intoxicating liquor, as aforesaid, being then and there unlawful and prohibited, contrary to the form of the statute."

The second count charges that the defendants conspired to commit an illegal act by maintaining and operating a common nuisance, "in a certain house, building, structure and place in the said county of McHenry . . . by manufacturing, selling, bartering,

transporting, delivering, possessing and furnishing . . . large quantities of intoxicating liquor, 'to-wit: whiskey, wine, beer and distilled spirits, all of which were then and there fit for use for beverage purposes, and all of which contained one-half of one per centum and more of alcohol by volume, contrary to the form of the statute.''

In order to determine the sufficiency of the indictment it is important to keep in mind the provisions of the statute defining the offense, together with the language of the indictment. That part of the conspiracy statute, Cahill's St. ch. 38, ¶ 116; sec. 139 (Second sub-section 46), ch. 38 of the Criminal Code, Smith-Hurd statute 1929, page 981 (as amended in 1919), that is applicable in the instant case reads as follows: "If any two or more persons conspire or agree together . . . to do any illegal act injurious to the public trade, health, morals, police or administration of public justice . . . or to commit any felony, they shall be deemed guilty of a conspiracy.''

In *People v. Glassberg*, 326 Ill. 379, the indictment charged a conspiracy to do an illegal act, injurious to the public trade, in the language of the statute above cited. On motion in arrest of judgment the indictment was sustained. At page 388 it was said: "This court has therefore often held that an indictment is sufficient which charges the offense in the language of the statute, and it is not necessary to allege the means by which the unlawful act is to be accomplished, as a conspiracy to do an unlawful act by any means is an indictable offense. (*People v. Blumenberg*, 271 Ill. 180; *People v. Buckminster*, 282 Ill. 177; *Chicago, Wilmington & Vermilion Coal Co. v. People*, 214 Ill. 421; *Smith v. People*, 25 Ill. 9.)'' At page 389 the court further said: "Neither was it necessary that the object of the conspiracy constitute an offense against the criminal law for which an individual might be indicted

and convicted. (*Smith v. People, supra.*) It is sufficient if the object of the conspiracy is charged to be any illegal act which by reason of the combination has a harmful effect upon society and the public. It is not necessary that the language of the indictment be grammatically exact if the offense with which the defendants are charged is stated plainly enough to be readily understood by the jury and to enable the defendants to properly prepare their defense. (*People v. Lloyd,* 304 Ill. 23.)''

In *People v. Lloyd, supra,* the indictment charged a conspiracy to overthrow the government of the United States. A motion was made to quash the indictment. The motion was denied and in the opinion at pages 43 and 44 it was said: ''Some of the language used in this indictment and in the statute on which it is based may not be grammatically exact, but such exactness is not required. (*People v. Blumenberg, supra.*) We have held that the statute clearly defines the offense, and where that is true, and the indictment charges the offense substantially in the language of the statute, the indictment is sufficient. To hold that the indictment does not state a public offense would be to say that the statute defines none. The language of the statute and of the indictment being substantially the same, the latter must be understood in the same sense as the former. (*People v. Malley* [Cal.], 194 Pac. 48.) The offense with which plaintiffs in error are charged is stated plainly enough to be readily understood by the jury, and plaintiffs in error were sufficiently informed to properly prepare their defense. This is all the law requires. (*People v. Robertson,* 284 Ill. 620; *People v. Krause,* 291 Ill. 64; *State v. Hennessey* [Wash.], 195 Pac. 211.)''

In *People v. Warfield,* 261 Ill. 293, the indictment charged a conspiracy in the language of the statute. The sufficiency of the indictment was raised in the

court below. In discussing the indictment the court at page 300 used the following language: "In an indictment for conspiracy to commit a felony, it is only necessary to designate the felony intended to be committed by such description as will apprise the defendants of the exact charge upon which they will be tried, and it is not required that the felony be described with the same accuracy as would be required in an indictment for the felony itself. So, where the statute in making it a crime to conspire to commit a certain misdemeanor, designates the misdemeanor by its common or popular name, without describing all the elements necessary to constitute the misdemeanor, an indictment charging such conspiracy need not allege all the elements necessary to constitute the misdemeanor contemplated by the conspiracy. It is sufficient if it describes the misdemeanor by the same designation employed in the statute fixing the punishment for the conspiracy. A conspiracy to obtain money or property by false pretenses is a conspiracy to commit a misdemeanor, as the term 'to obtain money by false pretenses' is the common and well understood designation of a misdemeanor for the commission of which a punishment is fixed by our statute. We perceive no reason why in an indictment for conspiracy to commit this misdemeanor the intent should be alleged any more than in an indictment for a conspiracy to commit a felony."

In *Gallagher v. People,* 211 Ill. 158, the indictment charged conspiracy "to do a certain illegal act, injurious to the administration of public justice." A motion was made to quash the indictment which the court overruled. In sustaining the indictment the court at page 166 said : "Under many decisions of this court, it has been held that an indictment shall be deemed sufficient which states the offense in the terms and language of the statute creating it, provided such

statute sufficiently defines the nature of the offense to be charged, and it is only when the statute itself does not define the nature of the offense sufficiently to notify the defendants of the crime with which they are charged, that the allegation in the words of the statute will be held insufficient. Taking this indictment and its various counts as a whole, we are of the opinion that the defendants were sufficiently informed as to the nature of the offense with which they were charged and the court committed no error in overruling the motion to quash.''

In drawing the indictment, the pleader, in describing the offense the plaintiffs in error were charged with conspiring to commit, went more into detail than the rule requires. The charge is as full and complete as would be required in an indictment for a violation of the prohibition law. It is unnecessary to quote from or to cite further authorities in support of the indictment. The indictment not only designates the offense the plaintiffs in error are charged to have conspired to commit but it goes further and describes all the elements necessary to constitute the particular offense. The court, therefore, did not err in denying the motion to quash the indictment and each count thereof.

It is next urged by the plaintiffs in error that the State should have been ruled to furnish them with a bill of particulars. The general rule is that when an indictment sufficiently informs the defendant of the offense with which he is charged, there is no need of a bill of particulars.

In *People v. Poindexter,* 243 Ill. 68, the indictment charged a conspiracy to obtain money by false pretenses and by means of the confidence game. A motion for a bill of particulars was granted and the people filed a bill of particulars in which it was stated, ''that the People would offer evidence to prove that the defendants conspired together to obtain $3,000 in money

by means of the confidence game, the particulars of which were more fully set out in the indictment." The trial court denied the motion to furnish a further or additional bill of particulars. In discussing the action of the court in denying the motion for a further bill of particulars at page 70 it was said: "If the plaintiffs in ·error were entitled to a bill of particulars this one was of no advantage to them for it furnished no information not contained in the indictment. But a defendant is not entitled to a bill of particulars as a matter of right. The requiring of it rests in the sound discretion of the court. It is only where the indictment does not sufficiently advise the defendant what it is with which he is charged or where it appears that he cannot properly prepare his evidence without a bill of particulars, that the court will require one to be furnished. (*Gallagher v. People,* 211 Ill. 158; *DuBois v. People,* 200 Ill. 157; *Kelly v. People,* 192 Ill. 119.)"

In *People v. Graves,* 331 Ill. 268, it was urged that reversible error was committed by the trial court in overruling the motion for a bill of particulars, but the court in sustaining the ruling of the trial court in refusing to require the prosecution to file a bill of particulars, at pages 273 and 274 said: "Complaint is made that the trial court erred in refusing to require the prosecution to furnish a bill of particulars. When the charge against an accused person is so general or indefinite that he cannot properly prepare his defense a bill of particulars should be ordered. When, however, the indictment sufficiently informs the defendant of the offense charged against him there is no need for such a bill. (*People v. Poindexter,* 243 Ill. 68.) Whether the People shall be required to furnish a bill of particulars in a given case rests in the discretion of the trial court, and it is only in cases where it is clear that there has been an abuse of this discretion that the denial of a motion for such a bill is error. (*People v.*

*Birger,* 329 Ill. 352; *People v. Munday,* 280 Ill. 32; *People v. Poindexter, supra; People v. Smith,* 239 Ill. 91; *DuBois v. People,* 200 Ill. 157.) The indictment in the instant case sufficiently apprised plaintiff in error of the charge made against him, and hence there was no abuse of discretion in denying the motion for a bill of particulars.''

It only requires a reading of the indictment to become convinced that the plaintiffs in error were particularly informed of the nature and character of the charge that had been preferred against them. The indictment goes into detail in making the charge against the plaintiffs in error. They were informed in plain language of the nature and character of the offense. The indictment not only charges a conspiracy to do illegal acts injurious to the administration of public justice, public police, public morals, good order and welfare, but it sets out the offense plaintiffs in error conspired to commit in apt language, so definite and certain that no bill of particulars was necessary to inform them of the charge made against them. The court did not abuse its discretion nor commit error in denying the motion for a bill of particulars.

It is also urged by the plaintiffs in error that the trial court erred in instructing the jury as to the form of the verdict. It will be observed that the only complaint made in this respect is that the trial court did not instruct the jury that they—the jury—could fix the punishment at imprisonment in the county jail, or by fine or both in case the jury reached a verdict of guilty and did not impose a penitentiary sentence. The penalty for conspiracy as provided by the section of the statute on which this prosecution is based, Cahill's St. ch. 38, ¶ 116, is as follows: ''And every such offender, whether as individuals or as the officers of any society or organization, and every person convicted of conspiracy at common law, shall be fined not exceeding

$2,000 or shall be imprisoned in the county jail not ex-ceeding one year, or shall be imprisoned in the penitentiary for a term of not less than one year and not exceeding five years, or may be so fined and so imprisoned in the county jail or penitentiary.''

The jury were instructed to return a separate verdict as to each defendant. Instructions with forms of verdicts were submitted by the court for each defendant. The jury were instructed that in the event they found the defendants guilty and imposed a penitentiary sentence they could, if they saw fit, also impose a fine not exceeding the sum of $2,000, and verdicts in form to correspond to those instructions were submitted, thus giving to the jury forms of verdict for penitentiary sentences with or without a fine. No complaint is made by the plaintiffs in error as to the instructions and form of the verdict given relative to penitentiary sentences. The forms in this respect were in accord with the statute. The jury were also told that if they found a verdict of guilty and did not impose a penitentiary sentence then, in that event, they should return as their verdicts finding each defendant guilty in manner and form as charged in the indictment. The verdicts returned by the jury found each of the plaintiffs in error guilty of conspiracy in manner and form as charged in the indictment. Cahill's St. ch. 38, ¶781; section 756 of ch. 38, Smith-Hurd St. 1929, page 1071 provides that: ''When the punishment may be either by imprisonment in the penitentiary or by confinement in the county jail, with or without fine, if the jury will not inflict the punishment of imprisonment in the penitentiary, they shall simply find the accused guilty, and the court shall fix the time of confinement in the jail or fine, or both, as the case may require.'' This statute was in force at the time the plaintiffs in error were charged with the commission of the conspiracy in question and at the time of the trial.

It has been seen that when a person is convicted of conspiracy the punishment shall be a fine not exceeding $2,000, or be imprisoned in the county jail not exceeding one year, or shall be imprisoned in the penitentiary not less than one year and not exceeding five years, or may be so fined and imprisoned in the county jail or penitentiary. Under this statute, plaintiffs in error, if found guilty by the jury, and a penitentiary sentence was to be imposed, the jury could also impose a fine not exceeding $2,000. It was for the jury to say if they agreed upon a penitentiary sentence what the amount of fine should be if they saw fit to also impose a fine. Section 756 quoted above concludes with the following: "If the jury will not inflict the punishment of imprisonment in the penitentiary, they shall simply find the accused guilty, and the court shall fix the time of confinement in the jail, or fine, or both, as the case may require." In the instant case the jury did not see fit to return a verdict against the plaintiffs in error fixing the punishment in the penitentiary or by fixing the punishment in the penitentiary and imposing a fine not exceeding the amount of $2,000, but returned a general verdict finding the plaintiffs in error and each of them guilty of conspiracy in manner and form as charged in the indictment. After the jury returned the verdict the duty of the court was made plain by the statute.

It is insisted by plaintiffs in error that the opinion of this court in *People v. Paddock,* 228 Ill. App. 403, supports their contention. The form of the verdict in the *Paddock* case was not based upon the statute that is the basis for the indictment in this proceeding. In the instruction in the *Paddock* case as to the form of the verdict, the court told the jury that if they found the plaintiff in error guilty they should fix his punishment at imprisonment in the penitentiary not exceeding five years, or by a fine not exceeding $2,000, or by both fine and imprisonment. In the decision in that

case we said, ''The form of the verdict, as given in this case, was not in accordance with the 1919 amendment of the statute with reference to conspiracy, and was not in accord with the provisions of paragraph 781 of the Criminal Code. It made no reference to imprisonment in the county jail, and the jury were not informed that the punishment could be by imprisonment in the county jail, but they were told that the punishment must be either imprisonment in the penitentiary, or by fine or by both. For this reason the instruction as given was erroneous.'' Paragraph 781 of the Criminal Code referred to in the *Paddock* case is the same as paragraph 756 heretofore set out in this opinion. In the instant case forms of verdict were provided for the jury in the event they saw fit to fix the punishment in the penitentiary, or by fine and in the penitentiary, and if they failed to so fix the punishment they were at liberty to return a general verdict as they did, the punishment in that event to be by fine or imprisonment in the county jail or both fine and imprisonment. There is nothing in the opinion in the *Paddock* case which sustains the contention of the plaintiffs in error or is in any way in conflict with what we have said in this opinion. We are of the opinion that no error was committed by the trial court in the submission of the instructions to the jury as to the form of the verdict the jury might return.

No questions were argued other than the ones we have considered. While a number of reasons were assigned for a reversal of the judgment only the three we have discussed were urged by the plaintiffs in error in this court. All assignments of error other than those argued were waived.

We conclude, therefore, that the judgment of the circuit court of McHenry county should be affirmed which is accordingly done.

*Judgment affirmed.*