## UNITED STATES v. SHAPIRO.
### No. 322.

Circuit Court of Appeals, Second Circuit.
May 1, 1939.

Vincent R. Impellitteri, of New York City (Erwin N. Schapira, of New York City, of counsel), for appellant.

Berkeley W. Henderson, Sp. Asst. to Atty. Gen. (John T. Cahill, U. S. Atty., of New York City, Thurman Arnold, Asst. Atty. Gen., and William L. McGovern, Sp. Atty., of New York City, on the brief), for the United States.

Before SWAN CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal is from a judgment of conviction upon four counts of an indictment for violation of the Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1 and 2, with respect to interstate commerce in fur skins. [1] The appeal assigned certain errors in the trial itself, as well as error in the sentence imposed upon the accused after his conviction.

The errors assigned as to the conduct of the trial do not appear to be substantial. Chief reliance is placed upon the failure of the court to declare a mistrial when the prosecutor in summation said: "I call your attention to the fact that that witness chair there has been empty of a single witness for the defense." It was claimed that the only witness who could have testified for the defense was the defendant himself, and that this remark constituted a comment upon the defendant's failure to testify in his own behalf. The court, however, prompt-

---

[1] Others were named in this indictment (see U. S. v. International Fur Workers Union, 2 Cir., 100 F.2d 541), but the case was severed as to this defendant and he was tried separately.

ly stated to the jury that all that had been said was "an actual fact" which they knew, but that no inference was to be drawn from it, as the defendant was not required to take the stand. Later in its charge it repeated the admonition and then charged fully that no inference was to be drawn from the failure of the accused to testify. In the restricted form in which it ·was made, it is not clear that the remark of the prosecutor was prejudicial (Jamail et al. v. U. S., 5 Cir., 55 F.2d 216; Lefkowitz v. U. S., 2 Cir., 273 F. 664, certiorari denied 257 U.S. 637, 42 S.Ct. 49, 66 L.Ed.· 409), but in any event the prompt action of the judge in admonishing the jury to disregard it and his later charge cured the· error if any existed. Robilio v. U. S., 6 Cir., 291 F. 975, 986.

The other error assigned as to the trial is the claimed inadequacy of the court's charge upon the subject of reasonable doubt. But the charge, covering as it did the presumption of innocence, the duty of the jury to acquit "if the testimony is as consistent with innocence as with guilt," and the effect of a failure of the Government to establish guilt to their satisfaction beyond a reasonable doubt, seems to us entirely adequate. Miles v. U. S., 103 U.S. 304, 312, 26 L.Ed. 481; U. S. v. Austin-Bagley Corp. et al., 2 Cir., 31 F.2d 229, 234.

The objection to the sentence imposed upon the defendant raises an important issue as to whether a conspiracy to create a monopoly is the same as, or a different offense from, the creation of the monopoly itself. Of the four counts upon which the accused was convicted, the first alleged a conspiracy to restrain trade and commerce in fur skins among the several states; the second, a conspiracy to monopolize such trade and commerce; the third, an attempt to monopolize such trade and commerce; and the fourth, that the defendant had unlawfully monopolized such trade and commerce. The facts upon which the last three counts were based were incorporated by reference from the first count. The first count·rested upon § 1 of the Sherman Antitrust Act, while the second, third, and fourth counts were based upon § 2 of that Act (15 U.S.C.A. §§ 1, 2). After his conviction, the defendant was sentenced to imprisonment for one year on each count; the sentences on counts 1, 2, and 4 were to run consecutively with each other, while that on count 3 was to run concurrently with the others. He was also fined $5,000 cumula-

tively on each of the three counts 1, 2, and 4. In result, therefore, he was sentenced to three years' imprisonment and a fine of $15,000.

Defendant concedes that the court had power to impose consecutive sentences of imprisonment and cumulative fines on the first and second counts, based upon the first and second sections of the Act. Offenses under these sections are not identical, even though all the evidence is applicable to both counts. U. S. v. Buchalter, 2 Cir., 88 F.2d 625, certiorari denied, Shapiro v. U. S., 301 U.S. 708, 57 S.Ct. 942, 81 L.Ed. 1362; U. S. v. MacAndrews & Forbes Co., C.C., 149 F. 836. It is the defendant's contention, however, that all the counts under § 2 of the Act are but different ways of stating one offense, the penalties for which are limited to imprisonment for not more than a year or fine of not more than $5,000 or both, and hence that the sentences of imprisonment on the last three counts should have been concurrent, and not consecutive, and only one fine should have been imposed. The court below evidently concluded that the attempt to monopolize interstate commerce merged with the act of monopolizing it, since sentences on the counts making these charges were made concurrent. But it concluded otherwise as to the charges of conspiracy to monopolize and of actual monopolizing of interstate commerce.

Section 2 of the Sherman Act provides: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce· among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding $5,-000, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." 15 U.S.C.A. § 2.

In form this section names three separate offenses: the act, the attempt, and the conspiracy to monopolize interstate commerce. See U. S. v. Patterson, D.C., 201 F. 697, 725; U. S. v. American Naval Stores Co., C.C., 186 F. 592. A charge of an attempt to monopolize may well be considered as included in a charge of the successful accomplishment of the act. It does not follow, however, that the conspiracy to monopolize is merged with the act. Ordinarily, conspiracy and the substantive crime which is the object of the conspiracy are distinct offenses. U. S. v. Rabinowich, 238

U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Kelly v. U. S., 6 Cir., 258 F. 392; Bens v. U. S., 2 Cir., 266 F. 152; Moorehead v. U. S., 5 Cir., 270 F. 210; Curtis v. U. S., 10 Cir., 67 F.2d 943. As the court said in Kelly v. U. S., supra, 258 F. at page 395: "Conspiracy alleged may fail in proof, as well as proved conspiracy may fail in execution. Failure, then, to prove the existence of a conspiracy alleged to have been formed to commit a particular character of fraud cannot affect the right, regardless of conspiracy, to prove that fraud of the same character was actually committed."

There would appear to be no reason for departing from this principle with respect to offenses under the anti-trust laws. It is asserted that all such offenses must be a result of a combination of persons acting together, but this, although probably the usual situation, does not seem to be a necessary one. One person or one corporation might successfully monopolize certain types of interstate commerce or several might succeed in doing so when adequate proof as to the extent to which they had planned together and acted in concert might be lacking. Certainly, too, it is possible that such a conspiracy exists when in fact there has not been created a successful monopoly. There is no such close relationship between the substantive act and the conspiracy in this situation that the two offenses must be considered as inseparable. See Curtis v. U. S., 10 Cir., 67 F.2d 943. The moderate nature of the sentences provided in the statutes for these serious and far-reaching offenses may tend to show that Congress recognized the possible existence of several offenses in one general course of business activity.

■ The fact that various overt acts which are offered to prove the conspiracy are also offered to prove the successful accomplishment of the purpose of the conspiracy is immaterial if the offenses are separate and distinct. U. S. v. Wexler, 2 Cir., 79 F.2d 526, certiorari denied 56 S.Ct. 384; Blockburger v. U. S., 284 U. S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Fall v. U. S., 60 App. D.C. 124, 49 F.2d 506; U. S. v. Buchalter, supra; U. S. v. MacAndrews & Forbes Co., supra. In U. S. v. Wexler, supra, this court sustained a conviction and sentence on a charge of conspiracy, as well as on a charge of an attempt, to defraud the income tax. We do not think that case is to be distinguished from the present. U. S. v. Mazzochi, 2 Cir., 75 F.2d 497, is not in

conflict. There separate sentences were held improper on convictions on two conspiracy counts, identical except as they alleged two sales of unlawfully imported drugs to two different purchasers. These two sales were not separate offenses, but were merely two overt acts tending to prove the existence of one single conspiracy.

Affirmed.