**RUTLEDGE v. UNITED STATES.**

No. 13680.

Circuit Court of Appeals, Eighth Circuit.

June 22, 1948.

Walter N. Trenerry, of St. Paul, Minn., for appellant.

R. S. Wilson, U. S. Atty. (David R. Boatright and Charles A. Beasley, Jr., Asst. U. S. Atty., all of Ft. Smith, Ark., on the brief), for appellee.

Before THOMAS, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

This case involves the same indictment, factual situation and controlling questions as Brown v. United States, 8 Cir., 167 F.2d 772. On the basis of that opinion, we affirm the trial court's order denying the motion made by appellant to vacate his sentence on the first count of the indictment.

Appellant's brief makes a few contentions beyond or more detailedly than those referred to in the Brown case, and these will be noted, though they are not capable of changing the result.

■ It is argued that the charge in the first count of the indictment of having conspired to effect an escape and the charge in the second count of having attempted to escape are so closely related in the present situation as to be indistinguishable and inseparable and to cause the conspiracy to be merged in the substantive offense. But the guilt legally of appellant and Brown in sawing the bars of their cell for the purpose of escaping from custody did not in any manner depend upon, nor would it at all be affected by, how or from what source they had obtained the hacksaw blades which they used in their jail-breaking attempt. Even if they might initially have come into possession of the hacksaw blades without resort to an unlawful conspiracy for having the blades smuggled into the jail, they would have been no less guilty of the substantive crime of attempting to escape from custody if they thereafter should see fit to use the blades to saw the bars of their cell in order to accomplish that objective. And legally also they could be guilty of having conspired to effect their escape, even though they might never have had an op-portunity to use the saw blades for that purpose, if they had made an arrangement with each other and with Woolsey to that end and Woolsey thereafter smuggled the saw blades into the jail in pursuance of the scheme and as an overt act in furtherance of its object. More is said in the opinion in the Brown case, which we shall not undertake to repeat here.

■ The argument also is made that it was in any event unfair to prosecute appellant both for a conspiracy and for the substantive offense and that it should be held to have been an abuse of discretion for the trial court to have imposed separate and consecutive sentences on the two counts. Whether a defendant shall be charged and tried for both a substantive offense and a conspiracy to commit it either generally or in a particular situation, is a question of policy for the law-enforcement authorities and not a matter for the courts. And where a defendant has been so charged and tried and is convicted, whether he shall be given separate sentences for the two offenses and whether they shall be concurrent or consecutive are matters solely for the judgment of the trial court. None of these is a question lying within the province of a circuit court of appeals. Cf. Nash v. United States, 2 Cir., 54 F.2d 1006, 1008.

■ It is further argued that under 18 U.S.C.A. § 762 the Attorney General had no right to make appellant serve the one-year sentence at Leavenworth Penitentiary given him on the second count. That section provides: "The United States Penitentiary, Leavenworth, Kansas, shall be used for the confinement of persons convicted in the United States courts of crimes against the United States and sentenced to imprisonment in a penitentiary, or convicted by courts martial of offenses now punishable by confinement in a penitentiary and sentenced to terms of imprisonment of more than one year."

This Court held, in Stevens v. Biddle, 8 Cir., 298 F. 209, 212, with one judge dissenting, that the language of the statute "limits confinement in that prison to persons sentenced to terms of imprisonment for more than one year convicted by courts-

martial only, and not to those convicted in courts of the United States." A contrary construction of the statute was made in Gorsuch v. United States, 6 Cir., 34 F. 2d 279, 281.

But what may be the correct interpretation of this statute, either generally or in a situation such as the present one where a prisoner has received plural sentences aggregating more than a year is not here material. If it was improper for the Attorney General to have put appellant in Leavenworth Penitentiary to serve his first sentence of one year that would not furnish a basis for asking to have the sentence vacated, since under the sentence he had merely been committed to the custody of the Attorney General for imprisonment and not to Leavenworth Penitentiary itself. In addition, the one-year sentence was on the second count of the indictment, whereas the motion to vacate is directed at the sentence on the first count only. And beyond all this, the question here would in any event be wholly moot, since appellant has already served the one-year sentence and has entered upon the service of the sentence of two years on the first count, which the judgment of the court made consecutive to the sentence on the second count.

Affirmed.