**Louis Andrew PIFER, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 7446.**

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1957.

Decided June 5, 1957.

Louis Andrew Pifer, pro se, on brief.

Albert M. Morgan, U. S. Atty., Fairmont, W. Va. (Robert J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., on brief), for appellee.

Before SOPER, SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

The appellant filed a petition in the District Court under 28 U.S.C. § 2255

---

praying that the court vacate a sentence of two years imprisonment imposed upon him by the court on August 3, 1939, upon his plea of guilty to an indictment charging conspiracy to escape the custody of the United States Marshal. The petition was denied and this appeal followed. The petitioner's point is that at the time the sentence was imposed he was also sentenced to five years upon his plea of guilty to an indictment charging the substantive offense of escape, the sentences to run consecutively; and his contention is that thereby he received double punishment for the same offense.

■ When he escaped he was awaiting sentence upon conviction under two indictments charging, respectively, the interstate transportation of a stolen motor vehicle and concealing and storing the same. Other prisoners joined with him in overpowering an official of the jail, seizing his revolver and using it in an attempt to seize an automobile in order to make good their escape. There is no substance in the petitioner's contention. As stated in Pinkerton v. United States, 328 U.S. 640, 643, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489:

* * * "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594–595, 16 S.Ct. 125, 126, 40 L.Ed. 269. * * * And the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395, 22 S.Ct. 181, 193, 46 L.Ed. 236." * * *

■ The petitioner attempts to bring himself within the exception to this rule, which exists where the agreement of two or more persons is necessary for the commission of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime. See United States v. Katz, 271 U.S. 354, 355–356, 46 S.Ct. 513, 70 L. Ed. 986; Gebardi v. United States, 287 U.S. 112, 121–122, 53 S.Ct. 35, 77 L.Ed. 206. There is no ground, however, for the application of the exception in the pending case. The two offenses are not the same and the elements of the proof of escape are not necessarily the same elements required for the proof of conspiracy to escape. Under the conspiracy charge there must be proof not only of some overt act in furtherance of the conspiracy but also proof of the planning and agreeing together. Under the escape charge there need be only proof of the escape itself.

Affirmed.