**Guillermo Guevarra VALDEZ, alias Memo Valdez, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16792.**

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1957.

No appearance for appellant.

Heard L. Floore, U. S. Atty., Fred L. Woodlock, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

On April 10, 1956, a three count indictment was returned against appellant and others by a federal grand jury. The first count, specifying many overt acts, charged that defendants, from about January 9, 1956, to about March 14, 1956, did conspire to violate Section 4742(a), Title 26 U.S.C., in that, on the several dates therein mentioned, they conspired to unlawfully deliver to one Leon Hernandez, not in pursuance of a written order of the said Hernandez on a form issued in blank for that purpose by the Secretary of the Treasury of the United States, 14, 15 and 49 pounds, respectively, of marihuana.

The second count charged the unlawful delivery on January 9, 1956 to said Hernandez of approximately 91,000 grains of marihuana; while the third count charged such delivery on January 18, 1956 of 105,000 grains of marihuana.

Appellant and his co-defendants except one, as to whom the indictment was dismissed, were found guilty as charged, and on May 4, 1956, defendant was sentenced to "imprisonment for a period of five (5) years on Count three, for a period of five (5) years on Count two, and for a period of five (5) years on Count 1, said sentences imposed on Counts 3, 2, and 1, to run consecutively to each other."

Counsel for the defendants then announced that there would be no appeal, and no appeal was taken.

Thereafter, appellant filed the motion[1] to vacate sentence, which is under consideration here. The District Judge denied the motion, and petitioner, appealing from the order of denial, is here insisting that it was wrongly entered and must be reversed for the reasons set out in his motion. An additional reason, put forward for the first time on appeal,

1. In said motion the sole grounds set out were:

"1. The petitioner was sentenced for alleged violation of Sec. 371, Title 18 U.S.

is that the sentence is void in that it fails to state with the requisite certainty and definiteness the order in which the several sentences imposed are to be served.

Upon firmly settled principles, hereafter briefly stated, we think it clear that the motion was without merit and the order must be affirmed.

While appellant does belatedly endeavor to attack the form of the sentence, his real attack upon the judgment is that, since some of the overt acts in the conspiracy count are identical with the substantive offenses charged in the second and third counts, the substantive counts should be treated as merged with the conspiracy count, and, instead of imposing a five year sentence on each count to run consecutively, the court could and should have imposed only one sentence of five years.

■■ It is well settled that a conspiracy to commit an offense against the laws of the United States and the commission of such an offense are separate and distinct offenses. A conspiracy count is not the same as, nor may it be merged with, a substantive count dealing with the same matters. In Pinkerton v. United States, 328 U.S. 640,[2] at page 643, 66 S.Ct. 1180, at page 1182, 90 L. Ed. 1489, the rule controlling here is well and clearly stated:

"The common law rule that the substantive offense, if a felony, was merged in the conspiracy, (citing cases) has little vitality in this country. (The cases are collected in 37 A.L.R. 778, 75 A.L.R. 1411.) It has been long and consistently recognized by the Court that the

commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594, 595, 16 S.Ct. 125, 126, 40 L.Ed. 269. A conviction for the conspiracy may be had though the substantive offense was completed. See Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450. And the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395, 22 S.Ct. 181, 193, 46 L.Ed. 236. It is only an identity of offenses which is fatal. See Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489. Cf. Freeman v. United States, 6 Cir., 146 F.2d 978. A conspiracy is a partnership in crime. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253, 60 S.Ct. 811, 858, 84 L.Ed. 1129. It has ingredients, as well as implications, distinct from the completion of the unlawful project. * * * And see Sneed v. United States, 5 Cir., 298 F. 911, 912, 913; Banghart v. United States, 4 Cir., 148 F.2d 521.

"Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. As stated in Sneed v. United States, supra, 298 F. at page 913, 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do

---

C.A., and Section 4742(a), Title 26, U.S. C.A., that all the essential elements of the offense alleged in Count II and III are charged in Count I of said indictment.

"2. That the substantive offenses in Count II and Count III of said indictment merged with the conspiracy Count I.

"3. That no additional evidence was necessary to sustain Count II and Count III, of the indictment herein, when the prosecution offered evidence to sustain

the count on the conspiracy charges, which is Count I, the same evidence likewise sustained Count II and Count III, without requiring further proof by the prosecution."

2. Cf. Sneed v. United States, 5 Cir., 1924, 298 F. 911; Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481, 485; United States v. Uram, 2 Cir., 1945, 148 F.2d 187; Banghart v. United States, 4 Cir., 1945, 148 F.2d 521; certiorari denied 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001.

542

an unlawful act is even then distinct from the doing of the act."

There remains only to consider appellant's additional contention first put forward here, that since "the record fails to disclose whether or not any sentence imposed was intended to begin upon the termination or expiration of another sentence, and it is a fair inference from the record that no such sequence was intended", the judgment should be construed as imposing concurrent sentences.

We think the contention needs no elaborate refutation. While it is true that a sentence must not be indefinite and equivocal, abstract perfection of phrasing is not required, and it is sufficient if the intention may be gathered from the judgment as a whole. Under the governing principles laid down and approved by this and other courts, it is, we think, clear that, by providing that the sentences imposed on Counts 3, 2, and 1 were to run consecutively to each other, the judgment not only flatly rebuts appellant's contention that the sentences were to be served concurrently, but makes sufficiently clear the order in which each consecutive sentence was to be served.

The judgment is affirmed.