STURGIS, Judge.
Abraham LePrell, who was convicted under Section 562.23, Florida Statutes, F:S.A., of conspiracy to violate the beverage law, and thereupon sentenced to imprisonment in the county jail at hard labor for one year, seeks certiorari to review that sentence on the ground that it is a cruel and unusual punishment within the meaning of Section 8 of the Declaration of Rights, Constitution of Florida, F.S.A., and the Eighth Amendment to the United States Constitution.
The conspiracy charged in this case involved the sale without license of beverages containing more than 1% of alcohol by weight as prohibited by F.S. Sec. 562.05, F.S.A. Violation thereof is defined as a misdemeanor and the punishment prescribed is a fine of not less than $100 nor more than $1,000, or imprisonment in the county jail for not more than 6 months, or both.
F.S. Section 562.23, F.S.A., under which petitioner was convicted, makes it a crime for two or more persons to conspire to violate any of the provisions of the beverage law, and provides that if the act conspired to be done would be a misdemeanor under the provisions of the beverage law, punishment shall be by imprisonment in the county jail for not more than one year or by fine of not more than $500.
Petitioner contends that under the state and federal constitutions no greater sentence can be imposed for the offense of conspiring to commit a crime than for commission of the crime itself. He relies on the Pennsylvania case of Hartman v. Commonwealth, 1846, 5 Pa. 60, in which the defendant was tried and convicted of conspiracy to defraud and sentenced to im *19 prisonment for a term in excess of that which would have been imposable under the laws of Pennsjdvania had he been convicted of the crime that formed the subject of the conspiracy. The conviction in that case was reversed for insufficiency of the indictment, and the court’s further holding that the sentence was unlawful was clearly obiter dicta. Moreover, the analogy of a conspiracy to commit murder to the crime of murder itself, as indulged by that court in making the pronouncement, is too farfetched to be generally applicable. In any event, the Pennsylvania rule appears to stand alone and does not accord with reason.
We adhere to the rationale of United States v. Rabinowich, 238 U.S. 78, 88, 35 S.Ct. 682, 685, 59 L.Ed. 1211, 1215, where it is said:
“For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime. It involves deliberate plotting to subvert the laws, educating and preparing the conspirators for further and habitual criminal practices. And it is characterized by secrecy, rendering it difficult of detection, requiring more time for its discovery, and adding to the importance of punishing it when discovered.”
The Florida legislature unquestionably had the power to provide, as it did by F.S. Sec. 562.23, F.S.A., that conviction of a conspiracy to commit the offense prescribed by F.S. Sec. 562.05, F.S.A., might be punished more severely than as provided for conviction of the offense proper. Murry v. United States, 8 Cir., 282 F. 617. These statutes establish entirely separate crimes and liability for the crime of conspiracy is not taken away, merged or affected in any way by the accomplishment of the subsequent offense at which the conspiracy aims. Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450, Ann.Cas.1914C, 128; Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269; Sneed v. United States, 5 Cir., 298 F. 911, 37 A.L.R. 772; Banghart v. United States, 4 Cir., 148 F.2d 521.
Our courts have consistently held that a sentence imposed within the statutory limits is not reviewable as excessive. Green v. State, 121 Fla. 307, 163 So. 712; Henson v. State, 140 Fla. 412, 192 So. 163; Brown v. State, 152 Fla. 853, 13 So.2d 458; Hood v. State, 152 Fla. 852, 13 So.2d 463; Stanford v. State, Fla., 110 So.2d 1; Chavigny v. State, Fla.App., 112 So.2d 910.
Certiorari denied.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.