Alexander Jimmie **HILL**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**
**No. 17792.**

United States Court of Appeals
Ninth Circuit.
July 31, 1962.

246

Alexander Jimmie Hill, in pro. per.

Frank R. Freeman, U. S. Atty., and C. D. Fransen, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before HAMLEY, and JERTBERG, Circuit Judges, and PLUMMER, District Judge.

PER CURIAM.

Alexander Jimmie Hill appeals from a district court order denying his motion, made under 28 U.S.C. § 2255, to vacate sentences which he has been serving since May 14, 1958.

An indictment containing six counts was filed against Hill and four co-defendants. Count 1 charged them with conspiring, in violation of 18 U.S.C. § 371, to: (1) rob a national bank located at North Richland, Washington, on January 17, 1958, by force and violence, in violation of 18 U.S.C. § 2113(a); (2) enter that bank knowingly on that date with the intent of committing a larceny, in violation of 18 U.S.C. § 2113(a); (3) assault an employee of the bank knowingly and unlawfully while committing the offenses referred to above, in violation of 18 U.S.C. § 2113(d); and (4) receive, possess and conceal, knowingly and unlawfully, on January 17, 1958, moneys belonging to that bank knowing them to have been taken from the bank by armed robbery, in violation of 18 U.S.C. § 2113(c).

Counts 2, 3, 5 and 6 charged the defendants with substantive offenses of the kind described, respectively, in sub-paragraphs (2), (1), (3) and (4) above. Count 4 charged them with the substantive offense of knowingly and unlawfully taking and carrying away on January 17, 1958, with intent to steal, $16,846.84 in money belonging to the bank referred to above, in violation of 18 U.S.C. § 2113(b).

Hill pleaded not guilty on all counts. After a jury trial, jury verdicts of guilty on counts 1 and 6 and not guilty on counts 2, 3, 4 and 5, were returned against him. A judgment of conviction on counts 1 and 6 was thereupon entered. A sentence of five years was imposed for the conviction on count 1, and a sentence of ten years, to be served consecutively to the five-year sentence, was imposed for the conviction on count 6.

On this appeal Hill first argues that counts 1 and 6 of the indictment charge identical offenses and therefore separate and consecutive sentences could not be imposed for these two convictions. To establish that counts 1 and 6 charge identical offenses, Hill asks us to compare paragraph (c) (10) of count 1 with count 6. Both of these paragraphs allege that, on January 17, 1958, the five

defendants possessed and concealed the approximate sum of $16,846.84, being moneys belonging to the national bank to which reference has been made.

Count 1 charges the co-defendants with a conspiracy to commit several offenses. Paragraph (c) (10) of that count sets forth one of ten alleged overt acts committed in furtherance of that conspiracy. Count 6, on the other hand, charges a substantive offense.

■■ Where, as here, an indictment charges both a conspiracy to engage in a course of criminal conduct and a series of substantive offenses committed pursuant to the conspiracy, the substantive offenses are not merged into the conspiracy. Upon conviction, the accused may be punished both for the conspiracy and for the substantive offense. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. Separate consecutive sentences may be imposed for each offense unless precluded by the particular statute defining the substantive offense. See Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312. The statute here in question does not preclude separate and consecutive sentences for convictions under substantive and conspiracy counts.

Appellant next argues that if these two counts define separate offenses then they were improperly joined in one indictment.

■ The joinder, in one indictment of the conspiracy and substantive counts was permissible under Rule 8(b), Federal Rules of Criminal Procedure, 18 U.S.C. See Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921.

Appellant's third argument is that the sentencing court was without power to impose consecutive sentences. Two reasons for this view are advanced: (1) there is no federal statute authorizing consecutive sentences and (2) 18 U.S.C. § 3568 provides that the sentence of imprisonment shall commence to run from the date on which such person is received at a custodial institution "for service of said sentence."

■ The power to impose consecutive sentences is inherent in the court. That power was not abolished by the enactment of 18 U.S.C. § 3568. Sherman v. United States, 9 Cir., 241 F.2d 329, 336; Hiller v. United States, 9 Cir., 218 F.2d 641.

Finally, appellant argues, count 6 of the indictment, based upon 18 U.S.C. § 2113(c), relating to the receipt, possession and concealment of stolen property, provides that the property must have been stolen in violation of 18 U.S.C. § 2113(b), relating to the taking and carrying away, with intent to steal, the property of a national bank.[1] The latter offense was charged in count 4 of the indictment, and the jury found Hill not guilty on that charge. Appellant therefore contends that, having been found not guilty, under count 4, of an essential element of the charge made in count 6, the conviction under the latter count cannot stand.

■ Rational consistency in a jury's verdict on each of several counts is not necessary. Silverman v. United States, 107 U.S.App.D.C. 144, 275 F.2d 173, 176.

■ In Allen v. United States, 9 Cir., 186 F.2d 439, the defendant was found not guilty on six counts charging substantive offenses, and guilty on a seventh count charging a conspiracy to commit the substantive offenses charged on the other six counts. On appeal it was argued, as it is here, that the conviction on the conspiracy count must be set aside because the verdict of guilty as to that count is inconsistent with the verdicts on the six substantive counts. This court held, however, that such inconsistency is not a ground for reversal. The Allen case is precisely in point here and requires rejection of this argument.

The judgment is affirmed.

---

1. Consistent with 18 U.S.C. § 2113(c), it was charged in count 6 that the money which Hill and his co-defendants were alleged to have possessed and concealed had been unlawfully taken from the bank in violation of § 2113(b).