**William Moore PEGRAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18299.**

United States Court of Appeals Eighth Circuit.

June 13, 1966.

William Moore Pegram, pro se.

D. M. Statton, U. S. Atty., Jerry E. Williams, Asst. U. S. Atty., and Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner William Moore Pegram, hereinafter called defendant, has taken this timely appeal in forma pauperis as authorized by the District Court from final order denying his motion filed pursuant to 28 U.S.C.A. § 2255 to vacate sentence imposed upon him.

Defendant in a four count indictment returned June 6, 1957, was charged with the following crimes:

Count I, violation of 18 U.S.C. § 2113 (a), (entering a bank with intent to commit a felony);

Count II, violation of 18 U.S.C. § 2113 (b), (taking and carrying with intent to steal money in excess of $100.00 from bank);

Count III, violation of 18 U.S.C. § 2314, (transporting in interstate commerce stolen securities exceeding $5,000.00 in value, knowing the same to have been stolen);

Count IV, violation of 18 U.S.C. § 371, (conspiring with Thomas Gordon Tinkle, Jr. and Latane Pegram to commit all the offenses described in Counts I, II and III).

Defendant was convicted by a jury on all four counts and was sentenced. Upon appeal, we reversed and remanded upon the ground that a newly appointed counsel for Pegram was not given adequate time to properly prepare the defense. Tinkle and Pegram v. United States, 8 Cir., 254 F.2d 23.

After remand, defendant while represented by counsel voluntarily entered a plea of guilty to Count II and Count IV of the indictment. The remaining counts were dismissed. Defendant was sentenced on May 13, 1958, to serve ten years on Count II and five years on Count IV, the sentences to be served consecutively.

Defendant in his present motion states that he has now served the ten year sentence imposed on Count II and that he is entitled to have the sentence entered on Count IV vacated for the following reasons:

1. Count II and Count IV charge offenses arising under distinct statutes and are improperly joined in the second indictment.

2. The imposition of consecutive sentences on Counts II and IV constitutes double jeopardy.

The trial court issued a show cause order to which the Government filed a response. The trial court by order dated January 25, 1966, found defendant's motion to be without merit and dismissed the same, stating:

"It is well established that when an indictment charges both a conspiracy to engage in a course of criminal conduct and a substantive offense committed pursuant to that conspiracy, the accused, upon conviction, may be punished both for the conspiracy and for the substantive offense. Pinkerton v. United States, 328 U.S. 640 [66 S.Ct. 1180, 90 L.Ed. 1489] (1946); Hill v. United States, 306 F.2d 245 (9th Cir. 1962). It is also clear that the federal courts have inherent power to impose consecutive sentences unless otherwise specified by the statute defining the specific offense involved. Callahan [Callanan] v. United States, 364 U.S. 587 [81 S.Ct. 321, 5 L.Ed.2d 312] (1961). The statute involved herein does not preclude the imposition of consecutive sentences. See 18 U.S.C. 2113(b) (1964). Petitioner's motion must therefore be denied."

Only questions of law are presented by defendant's motion. The court properly denied the motion for the reasons stated in its opinion.

Defendant's contention that the counts charging the substantive offenses and conspiracy were improperly joined is without merit. Such joinder is permissible under Rule 8, Fed.R.Crim.P. Schaffer v. United States, 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921.

Upon appeal, defendant has raised the additional issue that he is legally incapable of a conspiracy with his wife. Such contention was not raised in the trial court and hence is not en-

titled to consideration here. In any event, the contention is without merit. See United States v. Dege, 364 U.S. 51, 80 S.Ct. 1589, 4 L.Ed.2d 1563. Moreover, as heretofore set out, the conspiracy count charges a conspiracy with Tinkle as well as a conspiracy with Mrs. Pegram. Tinkle's conviction upon the substantive and conspiracy counts was affirmed in our prior opinion, supra.

The judgment is affirmed.