**People of the State of Illinois, Appellee, v. Sam DeStefano, Appellant.**

Gen. No. 51,837.

First District, First Division.

July 17, 1967.

Rehearing denied August 11, 1967.

Anna R. Lavin, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney of Cook County, Fred G. Leach, Assistant Attorney General and Elmer C. Kissane and Patrick A. Tuite, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from a judgment of conviction finding the defendant, Sam DeStefano, guilty of conspiring with the intent that the offense of perjury be committed. He was not charged with the offense of perjury. He was fined $1,000 and sentenced to the Illinois State Penitentiary for a term of three to five years. He appealed directly to the Supreme Court and that court transferred the appeal to this court.

On appeal the defendant contends: (1) that the indictment fails to charge an offense cognizable under law; (2) that the evidence does not sustain a conviction on the charge made; (3) that the prosecutor was allowed to argue to the jury from the written transcript of testimony contrary to law; (4) that the court erred in the giving and refusing of certain instructions; (5) that the State failed to put the defendant to trial within four months after his first demand for trial, without any fault on his part; (6) that the court erred in failing to transfer the cause to another place for trial; and (7) that the entire venire was contaminated and should have been discharged.

On September 3, 1964, an indictment was returned charging in the first count that beginning October 5, 1962, and continuing to July 3, 1963, the defendant and Charles Grimaldi committed the offense of conspiracy in that they, with the intent that the offense of perjury be committed, agreed together and with Henrietta Burns, Patrick Burns, Norma McCluskie and Bernard McCluskie to the commission of the offense of perjury. The indictment charged that they knowingly and intentionally agreed that Henrietta Burns would testify falsely in the trial of Frank Santucci, Anthony Donato and Robert Chessher for a tavern robbery in which trial Henrietta Burns would be a material witness; that said Henrietta Burns would not identify Robert Chessher as being present at said tavern shortly before the robbery, which fact would be material to the issues of the trial and which fact Henrietta Burns did not believe to be true and that she did believe that she could identify Robert Chessher; and that in furtherance of said conspiracy Patrick Burns received $1,000 from an unknown person in the presence of Sam DeStefano. It was further charged that during the robbery trial and in furtherance of the conspiracy to commit perjury, Henrietta Burns testified, among other things, in substance and effect, that she was not and could not be sure whether

Robert Chessher had been in the tavern shortly before the robbery when, in fact, Henrietta Burns believed he had been in the tavern shortly before the robbery. A second count charged a conspiracy to obstruct justice and this count was dismissed.

The defendant contends that the indictment fails to charge a crime cognizable under law. The motion to strike the two-count indictment and to dimiss the defendant was argued before Judge Herbert Friedlund and denied. After the granting of a change of venue the cause was reassigned to Judge George Leighton. The same motion was again heard and denied as to Count I and allowed as to Count II. The indictment against codefendant Charles Grimaldi was stricken on motion of the State and the case proceeded to trial before Judge Leighton which resulted in a verdict of guilty. Judge Leighton granted a new trial and the cause was reassigned to Judge Edward Finnegan and the same motion was argued and denied by him and the trial before him resulted in a hung jury. The third trial proceeded before Judge Nathan Cohen and after the same motion was again urged and denied the jury returned a verdict of guilty and after judgment on the verdict this appeal was taken.

██ The defendant argues that nowhere in the charge is there an allegation of an agreement that Henrietta Burns would undertake to testify falsely *under oath or affirmation.* The defendant contends that the italicized words which do not appear in the indictment are an essential element of the charge. We are not in accord. The defendant is not charged with the offense of perjury where the statute provides that "a person commits perjury when, under oath . . . he makes a false statement, . . ." Ill Rev Stats 1965, c 38, § 32–2. The indictment in question charges the defendant with conspiracy with intent that perjury be committed and the gist of the crime is the alleged conspiracy agreement to accomplish an

unlawful purpose and it is, therefore, unnecessary to allege the means by which the act or object of the conspiracy is to be accomplished. People v. Peppas, 24 Ill2d 483, 182 NE2d 228.

■ We also see no merit to the claim that because the indictment states that the robbery charge was brought by way of information, without any explanation of the absence of an indictment, the tribunal lacked jurisdiction. The defendant further claims that the charge of conspiracy to commit the offense must fall under the doctrine of merger as the State, in describing the offense in the indictment, clearly charged the object of the agreement was attained. We do not agree. Persons who conspire to an unlawful act may be convicted notwithstanding that the contemplated offense was actually completed, as a conspiracy to commit a crime does not merge in the crime itself. People v. Robertson, 284 Ill 620, 120 NE 539. The defendant relies on section 8–3 of chapter 38 of the Illinois Revised Statutes (1963) which reads: "It is a defense to a charge of solicitation or conspiracy that if the criminal object were achieved the accused would not be guilty of an offense." The Committee Comments to section 8–2 explain that section 8–3 "provides a defense if the accused would not be guilty of an offense if the conduct which is the object of the conspiracy is performed." Further section 8–5 makes it clear that section 8–3 does not mean that the conspiracy merges into the completed act. It provides, "No person shall be convicted of both the inchoate and the principal offense," and the Committee Comments state that "Section 8–5 is intended to limit conviction and punishment to either the inchoate or principal offense (where the principal offense is accomplished)." We are also of the opinion that the trial judge did not err in refusing to give a tendered instruction based on section 8–3 because we hold that it was not available under the facts of the instant case. The fact that the

criminal object was obtained does not prevent the defendant from being prosecuted for the conspiracy. People v. Robertson, 284 Ill 620, 120 NE 539.

It is next contended that the evidence does not sustain the conviction on the charge made. The defendant argues that the indictment charges that certain events occurred "in the trial of information number 63–11 wherein the People of the State of Illinois were plaintiffs and Frank Santucci, Anthony Donato and Robert Chessher were defendants on the charge of robbery" and "the entire transcript is devoid of one single word of evidence to support that language." The defendant states that the only evidence at all relative to the alleged perjury was that Mrs. Burns had occasion to come to the Criminal Court Building and be a witness at a trial with respect to the defendants, Chessher, Santucci, and Donato, and that she was sworn to testify prior to testifying in July of 1963.

The record reveals that Mrs. Henrietta Burns testified, in the case at bar, that she, her husband, Patrick, and the McCluskies jointly owned a tavern. She said they cashed checks at the tavern every Friday and that in the early morning of Friday, October 5th, 1962, there was one male customer in the tavern. Mrs. McCluskie phoned for a cab from the tavern and left for the bank at 10:00 a. m. The only customer that morning left before the cab came, but after the phone call. She testified that she had observed his face when she served him a bottle of beer. When Mrs. McCluskie returned two masked men entered with guns, took $1,200 from the cashbox and she heard shots. Subsequently, she identified Robert Chessher from a picture shown her by police officers as the person who looked like the man she served in the tavern, before the robbery, and she so testified before the Grand Jury. She testified further that she knew the defendant, Sam De Stefano, and that Mrs. McCluskie told her she had a visit from DeStefano and subsequently, she, her husband, and

280

■■■■■■■■■■■■■■

the McCluskies, went to DeStefano's home. At that time Chuck Grimaldi, who had tended bar for them, Carol Lewis and DeStefano's family were at the home. She said, "Mr. DeStefano told us that he had been contacted by Santucci and that Santucci had offered to return a thousand dollars of our money if we wouldn't positively identify any of the men connected in the robbery." He also told them that Santucci was a "desperate man and didn't want to go to prison and he wouldn't guarantee we wouldn't be harmed by Santucci if we decided to testify." When she told him she recognized Chessher he replied that she should not positively identify him. She said they then agreed not to make any positive identifications and accept the $1,000. She testified further that her husband later brought $1,000 which he said he received at DeStefano's home. She said at the trial of Chessher and the other defendants in the Criminal Court Building, she testified that Chessher looked like the man in the tavern, but she wasn't sure. When asked, in the case at bar, "When you said you weren't sure, was that the truth or not?" she answered, "No."

■■ The defendant is charged with the offense of conspiracy with intent that perjury be committed. The indictment charges all the elements essential to the offense under the statute and we hold that there is ample evidence to warrant a conviction. The defendant states and we agree, that there was a variance between the pleading and proof, but in our judgment the complained of language was unnecessarily added in the indictment and was clearly surplusage. People v. Figgers, 23 Ill2d 516, 179 NE2d 626; People v. Keene, 391 Ill 305, 63 NE 2d 509.

It is also urged that the testimony of Mrs. Burns, regarding her agreement to testify falsely, was not materially proven and her contradictory evidence cannot support guilt beyond a reasonable doubt. The record shows that on cross-examination this witness, when asked if she had

an agreement with the defendant to lie answered, "No, I just wasn't to give a positive identification." From this and other statements made by the witness the defendant argues that it is incumbent upon the State to prove, not only the substance of the testimony charged to be false, but that it is false and that this the State did not do. It is also asserted that it is essential to perjury that the person know that what he is swearing to is false, citing Coyne v. People, 124 Ill 17, 14 NE 668. We must again repeat that in the instant case the defendant is not charged with perjury. The jury could find from the evidence that the defendant paid $1,000 to have Mrs. Burns testify falsely by not giving a positive identification of Chessher at the robbery trial and that this she did. We see no merit to the contention that the illegal agreement was not proven.

██ Error is also charged because the prosecution was allowed to argue to the jury from the written transcript of testimony. We do not see how the defendant was prejudiced by the reading of a few sentences from the transcript of evidence during his argument to the jury. No claim was made that the facts contained in the transcript were inaccurate or disputed. This was a matter for the sound discretion of the trial judge and we find no abuse.

The defendant objected to the giving of the following instruction: "You are further instructed that in order for the People of State of Illinois to prove the defendant, Sam DeStefano, guilty of the crime charged beyond a reasonable doubt, it is not necessary that the crime of perjury actually be committed."

The defendant argues that this charge was given notwithstanding that the indictment charged that Henrietta Burns had committed perjury and that she had completed the offense. This the defendant says amounted to an amendment of the indictment citing Stirone v. United States, 361 US 212. We do not agree.

██ ██ The indictment alleges that the defendant was charged with intent that perjury be committed and therefore the complained of instruction was proper. The defendant also complains that the court prejudicially refused to give an instruction which, in part, charges that before there can be a verdict of guilty the jury must believe, beyond a reasonable doubt, that the facts proven are inconsistent with his innocence and if two conclusions can reasonably be drawn from the evidence, one of guilt and one of innocence, they should find the defendant not guilty. The defendant has not seen fit to abstract all the other instructions, both given and refused, nor are we informed by defendant whether or not similar instructions were given. It has been held that when this occurs the reviewing court will not consider the alleged impropriety of refusing a particular instruction. People v. Robinson, 27 Ill2d 289, 189 NE2d 243; People v. Todaro, 14 Ill2d 594, 153 NE2d 563. However, we note that the State was required only to prove its case beyond a reasonable doubt and that there were several instructions given which adequately dealt with the presumption of innocence and the State's burden of proving the defendant guilty beyond a reasonable doubt. See People v. Hartnett, 49 Ill App2d 357, 196 NE2d 671.

██ ██ It is also the defendant's position that the State failed to put him on trial within four months after his first demand for trial, without any fault on his part. We do not agree. We have carefully examined the record and have concluded that the delays in the trial were attributable to the defendant. He first demanded a trial on September 3, 1964. He then filed a motion to dismiss the indictment on November 23, 1964, which was denied on December 3, 1964. A motion to dismiss the indictment has been held to be a delay attributable to the defendant. People v. Hamby, 27 Ill2d 493, 190 NE2d 289. On December 14, 1964, the defendant answered ready for trial when Judge Friedlund was engaged in another trial. On De-

cember 15, 1964, when the cause was called for trial at a date well within the 120 days, the defendant moved to have the trial judge on its own motion disqualify himself and transfer the case to another judge, which was denied. Thereupon the defendant requested a change of venue which was granted and the cause was then transferred to another judge for trial. A request for a change of venue when the case is reached for trial is attributable to the defendant so that it interrupts the running of the statute. The necessity for the postponement of the trial, in our judgment, was therefore the defendant's fault and the statute does not apply until a new 120 days has elapsed, which did not occur. People v. Rankins, 18 Ill2d 260, 163 NE2d 814.

 The defendant further submits that the court abused its discretion in failing to grant a transfer of the cause to another place for trial. The record is replete with numerous motions made by the defendant pro se and through his lawyers. On the motion to dismiss the charges he constantly reminded the various judges he appeared before that he was ready for trial "now." When he went to trial before Judge Leighton, after he was granted a change of venue by Judge Friedlund, he did not renew this motion even though many of the newspaper articles complained of appeared prior thereto in the press. When he appeared before Judge Finnegan, to whom the case was transferred for trial subsequent to the granting of a new trial by Judge Leighton, after a verdict of guilty, the defendant's counsel again moved for a discharge because he claimed the defendant was not tried within four terms, and this motion was denied. When the court announced the case was going to trial the defendant's counsel stated he requested a change of venue out of this county and this motion was denied. The trial before Judge Finnegan resulted in a hung jury and subsequently the cause was reassigned to Judge Cohen for trial. Defend-

ant's counsel again made a motion for change of place of trial which was denied and the cause proceeded to trial. We have examined the grounds that were briefed as well as the cited cases and do not deem it necessary to discuss this contention at length. We have concluded, as did the trial judges, that while there was pretrial publicity it did not establish reasonable grounds that the defendant could not obtain a fair and impartial trial. The voir dire selection in this case revealed that a fair and impartial jury was selected. Nor do we find that the entire venire was contaminated as charged by the defendant. The motion to transfer the case and to dismiss the venire is addressed to the sound discretion of the trial judge and we are satisfied that this discretion was not abused.

For the reasons given above the judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.