No. 24592.

Ollie D. DeBose *v.* The People of the State of
Colorado.
(488 P.2d 69)

Decided August 9, 1971.    Rehearing denied September 13, 1971.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-
FARLANE, Chief Deputy, TRUMAN E. COLES, Assistant,
MICHAEL L. BENDER, Deputy, T. MICHAEL DUTTON, Deputy,
for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,
Deputy, MICHAEL T. HALEY, Assistant, RICHARD G. Mc-
MANUS, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the
Court.

THIS writ of error was prosecuted from an order of
the district court denying the defendant's Crim. P. 35 (b)
motion to vacate and set aside the consecutive sentences
which were imposed by the trial court after the defen-

dant, Ollie D. DeBose, plead guilty to both the crime of robbery and the crime of conspiracy to commit robbery. Defense counsel relies on *Maynes v. People*, 169 Colo. 186, 454 P.2d 797 (1969), as a basis for compelling a trial judge to impose concurrent sentences when the crimes of robbery and conspiracy to commit robbery arise out of the same transaction. Contrary to the situation herein, the *Maynes* case involved the crimes of burglary and larceny, and its holding must be limited to those facts. The issue with which we are faced is whether a trial judge should be limited to the imposition of one sentence when the defendant is convicted of both the substantive offense and conspiracy to commit the substantive offense.

We will not permit our courts to be so narrowly circumscribed in their discretion to mete out punishment to fit the crime. It is too plain for cavil that society suffers more when two or more persons act together with Machiavellian intent to plan, engineer, perfect, and carry out a vicious crime than when one person undertakes to commit a crime by himself. To say that a merger occurs which requires that sentences be imposed on a concurrent basis is to overlook the plain legislative intent behind the creation of the statute which makes conspiracy a separate crime. The conspiracy statute does not single out robbery as the crime which is to be punished. The gravamen of the crime of conspiracy is the illicit agreement to commit a felony. C.R.S. 1963, 40-7-35.

Here, the defendant, Ollie D. DeBose, and Robert Eugene Carter conspired to rob and did rob Stanley Sperlak. Initially, both men were charged with aggravated robbery (C.R.S. 1963, 40-5-1) and conspiracy to commit robbery (C.R.S. 1963, 40-7-35). The defendant authorized his counsel to negotiate for a reduced plea, and the district attorney agreed to reduce the charge of aggravated robbery to simple robbery if the defendant would plead guilty to simple robbery and conspiracy.

Before these pleas were entered, the possible penalties, including the possibility of consecutive sentences, were fully explained to the defendant by the trial judge in the presence of defense counsel and several members of the defendant's family.

In examining the record, we have found that the defendant was represented by counsel at each stage of the preceedings, and that he entered a plea of guilty to both offenses after having been fully advised of the possible consequences of his guilty plea.

The trial court caused a presentence investigation to be completed and obtained a report from the Colorado Psychiatric Hospital before sentence was imposed. From the record and from the pleadings, it is clear that no issue exists as to the propriety of the procedures that were followed by the trial court and by counsel prior to the time that sentence was imposed.

■ The test as to whether the same act or transaction constitutes two distinct crimes or offenses, or only one, was set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as follows:

"[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The test used in *Blockburger v. United States, supra,* is the same test utilized by the Colorado courts. *See People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969). *See also, Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

■ As early as 1895, it was recognized in Colorado that the commission of a substantive offense and a conspiracy to commit the same crime were separate and distinct offenses, since the proof of the substantive offense rests on separate facts and does not hinge upon the proof of the conspiracy. *Marshall, Jr. v. People,* 160 Colo. 323, 417 P.2d 491 (1966); *Roll v. People,* 132 Colo. 1, 284 P.2d 665 (1955); *Short v. People,* 27 Colo.

175, 60 P. 350 (1900); *Davis v. People*, 22 Colo. 1, 43 P. 122 (1895). Since the substantive offense and the conspiracy are separate and distinct crimes, the doctrine of merger does not apply. *Davis v. People, supra.* Therefore, the crimes are separately punishable. *Roll v. People, supra; Short v. People, supra.* This rule is uniformly followed by the majority of state and federal courts.[1]

The attack which the defendant makes in this case was made in *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), and was answered by the Court in this strong language:

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. . . .

. . . .

"As stated in *Sneed v. United States* [298 F.911 (5th Cir. 1924)], 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do an

---

[1] *Callanan v. United States*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Hill v. United States*, 306 F.2d 245 (9th Cir. 1962); *United States v. Shelton*, 249 F.2d 871 (7th Cir. 1957); *Pifer v. United States*, 245 F.2d 704 (4th Cir. 1957); *Valdez v. United States*, 249 F.2d 539 (5th Cir. 1957); *Rutledge v. United States*, 168 F.2d 776 (8th Cir. 1948); *Freeman v. United States*, 146 F.2d 978 (6th Cir. 1945); *United States v. Shapiro*, 103 F.2d 775 (2d Cir. 1939); *Asgill v. United States*, 60 F.2d 776 (4th Cir. 1932); *People v. DeStefano*, 85 Ill. App.2d 274, 229 N.E.2d 325 (1967); *People v. McAdoo*, 45 Misc.2d 664, 257 N.Y.S.2d 763 (1965); *State v. Brewer*, 258 N.C. 533, 129 S.E.2d 262 (1963); *State v. Trumbull*, 24 Conn.Sup. 129, 187 A.2d 445 (1962); *LePrell v. State*, 124 So.2d 18 (Fla. 1960); *Commonwealth v. Evans*, 190 Pa.Super. 179, 154 A.2d 57 (1959); *State v. Rutledge*, 232 S.C. 223, 101 S.E.2d 289 (1957); *People v. McManis*, 122 Cal.App.2d 891, 266 P.2d 134 (1954); *State v. Oats*, 32 N.J. Super. 435, 108 A.2d 641 (1954); *State v. Stout*, 90 Okla. Crim. 35, 210 P.2d 199 (1949); *State v. Lucas*, 39 Ohio Op. 519, 85 N.E.2d 154 (C.P. 1949); *Commonwealth v. Fine*, 321 Mass. 299, 73 N.E.2d 250 (1947). *See also*, 37 A.L.R. 778, 75 A.L.R. 1411, and 1 Wharton's Criminal Law and Procedure §34 (1957).

unlawful act is even then distinct from the doing of the act."

*Accord, Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); *United States v. Rabinowich,* 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211 (1915).

█ The Standards of Criminal Justice have recognized that multiple offenses may be punished, in the discretion of the trial judge, by consecutive sentences. The Standards of Criminal Justice also suggest guidelines for the imposition of consecutive sentences. *American Bar Association Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures,* § 3.4. "3.4 *Multiple offenses; same state; concurrent and consecutive terms.*

"(a) After convictions of multiple offenses which are separately punishable or in cases where the defendant is serving a prison sentence at the time of conviction, the question of whether to impose concurrent or consecutive sentences should be a matter for the discretion of the sentencing court.

"(b) Consecutive sentences are rarely appropriate. Authority to impose a consecutive sentence should be circumscribed by the following statutory limitations:

"(i) The aggregate maximum of consecutive terms should not be permitted to exceed the term authorized for an habitual offender (section 3.3) for the most serious of the offenses involved. If there is no provision for an habitual offender for the offenses involved, there should be a ceiling on the aggregate of consecutive terms which is related to the severity of the offenses involved; and

"(ii) The aggregate minimum of consecutive terms should be governed by the limitations stated in section 3.2; and

"(iii) The court should not be authorized to impose a consecutive sentence until a presentence report (sections 4.1-4.5), supplemented by a report of the examination of the defendant's mental, emotional and physical

condition (section 4.6), has been obtained and considered; and

"(iv)  Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

"These limitations should also apply to any sentence for an offense committed prior to the imposition of sentence for another offense, whether the previous sentence for the other offense has been served or remains to be served.

"(c)  Corrections and parole authorities should be directed to consider an offender committed under multiple sentences as though he had been committed for a single term the limits of which were defined by the cumulative effect of the multiple sentences."

See also, Model Penal Code, 1962, §7.06, Multiple Sentences; Concurrent and Consecutive Terms.

■ The trial judge could, within his sound discretion, impose the sentences that the defendant now complains of, and we find no error in his action.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE GROVES dissenting.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent. It is apparent to me that the robbery and the conspiracy constituted a single and unitary criminal episode. It is, in my mind, wrong to cause this unitary or single act to be broken down into a number of separate statutory offenses and then to allow punishment to be imposed on a consecutive sentence basis for each of the statutory violations. Accord, Whitton v. State, 479 P.2d 302 (1970); Neal v. State, 55 Cal.2d 11, 357 P.2d 839, 9 Cal. Rptr. 607 (1960); Johnson, Multiple Punishment and Consecutive Sentences: Reflections on

*the Neal Doctrine,* 58 Cal.L.Rev. 357 (1970). *See also, Davenport v. United States,* 353 F.2d 882 (D.C. Cir. 1965).

Justice Traynor, in the *Neal* case, would not permit multiple convictions to be sustained for the single act of throwing gasoline into the bedroom of Mr. and Mrs. Raymond and then igniting it. Neal had been charged and convicted of arson and two counts of attempted murder, and two consecutive indeterminate sentences were imposed for the attempted murders and a concurrent indeterminate sentence for arson. The maximum term on each count was twenty years, and consecutive sentencing made the total maximum forty years. Based upon Section 654 of the California Penal Code (West Supp. 1969),[1] Justice Traynor held that the imposition of sentence for arson was improper. It is my belief that even without a statute consecutive sentences were improper in the instant case on the theory enunciated in the *Whitton* and *Neal* cases.

*The American Bar Association Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures,* §3.4, strictly limit the imposition of consecutive sentences. Accordingly, I would not have upheld the imposition of the consecutive sentence for conspiracy when the single act giving rise to the two crimes was the robbery upon which sentence was imposed.

MR. JUSTICE DAY and MR. JUSTICE GROVES have authorized me to announce that they join in my dissent.

---

[1] "Alternative or Substitute and Cumulative Punishments. An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. . . ." Section 654 prevents harassment of a defendant by multiple prosecution as well as multiple punishment. Multiple prosecution is forbidden in some circumstances when multiple punishment in a single prosecution would be permitted. *See Kellett v. Superior Court,* 63 Cal. 2d 822, 409 P.2d 206, 48 Cal. Rptr. 366 (1966). *See also Ashe v. Swenson,* 38 U.S.L.W. 4295, 4298 (U.S. April 6, 1970).