MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Defendants-Appellants, together with Joe Robert Allary, were charged with aggravated robbery, assault with intent to murder, and conspiracy to commit each of these crimes. The charges arose out of the robbery of a bar in which the bartender and a patron were assaulted and seriously injured. Because of the nature of the prosecution’s case against Allary, the defendants moved for a severance and were granted a separate trial. At the trial, Allary took the stand for the defense and claimed that he was solely responsible for the assault on the bartender and the robbery. Before the case was submitted to the jury, the count of conspiracy to commit assault with intent to murder was dismissed by the court. Thereafter, the jury returned a verdict finding the defendants guilty of aggravated robbery and- conspiracy to commit robbery and acquitted them of all other charges.
In seeking reversal of their convictions and a new trial, they contend that their convictions both as conspirators and as accessories to the same robbery places them twice in jeopardy for the same offense in violation of the double jeopardy provisions of both the United States Constitution and the Constitution of Colorado. U.S. Const. amend. V (Fifth Amendment); Colo. Const. art. II, § 18. They also contend that the jury verdict finding them guilty of aggravated robbery must be reversed because it is inconsistent with their acquittal on the charge of assault with intent to murder. We find both arguments to be without merit and affirm their convictions.
The first contention raised by the defendants was considered and rejected in Goddard v. People, 172 Colo. 498, *375 474 P.2d 210 (1970). In that case, this Court stated:
“We cannot agree that the defendant is being tried for what is really one offense. The essence of the crime of conspiracy is the illegal agreement or combination. People v. Bradley, Colo., 455 P.2d 199. The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act. This court has consistently held that the conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. Pooley v. People, 164 Colo. 484, 436 P.2d 118.”
This Court also held that an accused who participates in a crime as a principal may be convicted of both the substantive offense and conspiracy to commit such substantive offense. DeBose v. People, 175 Colo. 356, 488 P.2d 69 (1971); Attwood v. People, 165 Colo. 345, 439 P.2d 40 (1968); Pooley v. People, 164 Colo. 484, 436 P.2d 118 (1968).
In our opinion, these cases amply demonstrate that the defendants committed two distinct and separate offenses under the test which was laid down in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and adopted by this Court in People v. McKenzie, 169 Colo. 521, 458 P.2d 232(1969).
The second argument of the defendants is based on the assumption that to be guilty of aggravated robbery, they had to be guilty of assault with intent to murder. This assumption is clearly unfounded. See Martinez v. People, 166 Colo. 524, 444 P.2d 641 (1968); Newton v. People, 96 Colo. 246, 41 P.2d 300 (1935); Mulligan v. People, 68 Colo. 17, 189 P. 5 (1920).
Accordingly, the judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, and MR. JUSTICE GROVES concur in the result.